IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) ) ) |
| Plaintiffs, | ) ) Case No. 1:20-cv-00117 |
| v. | ) ) ) Honorable Mary M. Rowland |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEVEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT STEVEN EASTERBROOK'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR DISMISSAL OF THE AMENDED COMPLAINT**

Defendant Stephen Easterbrook ("Easterbrook"), by and through the undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), to dismiss with prejudice all claims asserted again him in the Amended Complaint ("Complaint") (Dkt. No. 15). In support of this Motion, Easterbrook states as follows:

**INTRODUCTION**

On January 30, 2020, Plaintiffs Victoria Guster-Hines ("Plaintiff Guster-Hines") and Domineca Neal ("Plaintiff Neal") (collectively, "Plaintiffs") filed a "kitchen-sink" style complaint: the Complaint is 92 pages in length (without exhibits), sets forth 296 paragraphs of allegations – many of which have no relevancy to the claims asserted – and purports to assert twelve (12) counts against various defendants including Section 1981 claims of disparate treatment, hostile work environment and unlawful retaliation against Easterbrook as an individual defendant.

It is important to note that Easterbrook was McDonald's Corporation's Chief Executive Officer from March 2015 until November 3, 2019, and at all times relevant to the allegations in the Complaint, he worked at a separate and distinct legal entity than the entity that employed Plaintiffs, McDonald's USA. (Am. Comp., ¶¶ 1, 38). Furthermore, there are no allegations in the Complaint that Plaintiffs reported to Easterbrook, or otherwise had any direct communications with Easterbrook during the relevant time period.

Even though the Complaint contains 296 paragraphs of allegations, when analyzed closely, it becomes clear that its length is merely an attempt to sensationalize this case and/or mask the numerous, incurable defects which compel dismissal with prejudice of Plaintiffs' claims against Easterbrook. More specifically, Plaintiffs fail to state a claim under Section 1981 against Easterbrook for the following reasons:

   a) Plaintiffs fail to plead, and cannot truthfully plead, that Easterbrook made any decision that resulted in an adverse employment action for Plaintiffs, much less any decision with the specific intent to discriminate against them as is required to sustain a Section 1981 claim.

   b) Plaintiffs fail to plead a plausible race-based hostile work environment claim under Section 1981 against Easterbrook because the conduct allegedly engaged in by Easterbrook, even if true (which Easterbrook denies), does not rise to the level of severity or pervasiveness necessary to support a claim under Seventh Circuit precedent.

   c) Plaintiffs' retaliation claim against Easterbrook is also deficient because the Complaint fails to plead specific fact allegations giving rise to a reasonable inference that: (i) Plaintiffs engaged in protected activity; and (ii) Easterbrook had

knowledge of the alleged protected activity and participated in any adverse actions against the Plaintiffs as a result of such knowledge.[1]

These deficiencies are fatal to Plaintiffs' claims against Easterbrook. Because Plaintiffs failed to present such basic required facts in their lengthy – and already once-amended – Complaint, it is clear that there simply are no facts that the Plaintiffs can assert in good faith that will cure their defective pleading. Accordingly, the Complaint should be dismissed in its entirety with prejudice as to Defendant Easterbrook.[2] Accordingly, the Court should dismiss the Complaint with prejudice as to Defendant Easterbrook.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

However, a "prolix and confusing" complaint should be dismissed because it "makes it difficult for the defendant to file a responsive pleading and . . . difficult for the trial court to

---

[1] Easterbrook accepts all well-pleaded factual allegations in the Complaint as true for the purposes of this Motion, but does not waive his right to challenge the truth of the allegations asserted and/or to assert any and all applicable affirmative defenses if this Motion is denied in part or in whole.

[2] Moreover, Plaintiff's 92-page Complaint, with its scores of irrelevant allegations related to customers and franchisees, among other irrelevant material, must be distilled to the allegations required by the pleading standard. This will ensure that the Court and the parties will be able to litigate Plaintiffs' claims in an orderly and efficient manner and stay focused on discovery of only facts and evidence necessary to adjudicate legally sound claims. Defendants are simultaneously filing a Rule 12(f) Motion to Strike the irrelevant allegations in the Complaint in an effort to assist the Court and the parties in focusing on the limited issues relevant to this matter.

conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (emphasizing that the district court should have given more serious consideration to dismissing the plaintiff's 119-page, 385-paragraph complaint considering that plaintiff already amended the complaint once). As the Seventh Circuit recognized, "it is difficult to file a pleading in response to a prolix and confusing complaint" and "doing so also can be costly" for the defendants and nonparty litigants. *Id*. at 776. The length of a complaint "may make [it] unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Srivastava v. Daniels*, 409 F. App'x 953, 954-55 (2011) (affirming the dismissal of a 76-page complaint that contained confusing, repetitious and baseless allegations and outlandish and frivolous arguments).

## ARGUMENT

Plaintiffs' Section 1981 claims against Easterbrook fail as a matter of law because the Complaint is devoid of any factual allegations to support Plaintiffs' contention that Easterbrook (a) engaged in any "specified" employment action with the intent to discriminate against Plaintiffs, (b) subjected Plaintiffs to severe and pervasive harassment, and (c) knew about Plaintiffs' alleged statutorily protected activity and subjected them to an adverse employment action as a result.

**I.  There Are No Allegations In The Complaint Giving Rise to a Reasonable Inference That Easterbrook Participated In Or Otherwise Orchestrated Any Of The Adverse Employment Actions Alleged In The Complaint**.

To adequately plead a race discrimination claim under 42 U.S.C. § 1981(a)(1), Plaintiffs must "aver that the employer instituted a (specified) adverse employment action against the plaintiff[s] on the basis of [their] race." *Trent v. D.T. Chicagoland Express, Inc.*, No. 18-C-5090, 2019 WL 498943, at *2 (N.D. Ill. Feb. 7, 2019) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074,

1084 (7th Cir. 2008)). A plausible claim of racial discrimination under Section 1981 must include facts upon which a trier of fact could conclude a defendant intended to discriminate on the basis of plaintiff's race; and the discrimination concerned the making or enforcing of a contract. *James v. Get Fresh Produce, Inc.*, No. 18-C-4788, 2018 WL 6199003, at *7 (N.D. Ill. Nov. 28, 2018) (citing *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006)).

There are no allegations in the Complaint which even suggest that Easterbrook caused or otherwise participated in any of the alleged adverse employment actions relied upon in the Complaint, or participated in any action that amounted to a "constitutional deprivation" against Plaintiffs. *See Holmes v. Hous. Auth. of Joliet*, No. 14-C-3132, 2014 WL 6564949, at *6 (N.D. Ill. Nov. 20, 2014) (holding that "an individual defendant can be liable 'only if the supervisor causes or participates in a constitutional deprivation'") (citing *Smith v. Bray,* 681 F.3d 888, 889 (7th Cir.2012)). And, there are certainly no allegations that Easterbrook caused or otherwise participated in any of the alleged adverse employment actions with the intent to discriminate against Plaintiffs. Thus, the Section 1981 claim against Easterbrook (Counts I and II) should be dismissed with prejudice. *See Holmes v. Hous. Auth. of Joliet*, No. 14-C-3132, 2014 WL 6564949, at *6 (N.D. Ill. Nov. 20, 2014) (holding that "an individual defendant can be liable 'only if the supervisor causes or participates in a constitutional deprivation'") (citing *Smith v. Bray,* 681 F.3d 888, 889 (7th Cir. 2012)).

**II.     Plaintiffs' Hostile Work Environment Claim Against Easterbrook Is Deficient Because Plaintiffs Failed to Allege Facts to Show That They Were Subjected to Severe and Pervasive Conduct.**

In order to plead a race-based hostile work environment claim under Section 1981, Plaintiffs must allege that the complained of conduct unreasonably interfered with their work performance or created an intimidating, hostile, or offensive work environment. *Easley v. Iberia Airlines*, No. 05-C-3760, 2007 WL 625515, at *5 (N.D. Ill. Feb. 23, 2007). Plaintiffs must allege objectively and subjectively offensive conduct by a defendant that was so pervasive or severe that it altered the conditions of employment. *Little v. JB Pritzker for Governor*, No. 18-C-6954, 2019 WL 1505408, at *4 (N.D. Ill. Apr. 5, 2019). Relevant factors in assessing whether a hostile work environment claim has been properly pled include: (1) the frequency of the conduct; (2) the objective offensiveness of the conduct; (3) whether the offenses were physical rather than verbal; (4) the degree of work interference; and (5) whether the conduct was directed at the Plaintiff. *Id.*; *Salgado v. Graham Enter. Inc.*, No. 18-C-8119, 2019 WL 3555001, at *2 (N.D. Ill. Aug. 1, 2019). The threshold to state a claim for hostile work environment is "high, as only 'hellish' workplace is actionable as a hostile work environment." *Boniface v. Westminster Place,* No. 18-cv-4596, 2019 WL 479995, at *3 (N.D. Ill. Feb. 7, 2019).

Plaintiffs have not met that standard here. The Complaint fails to allege any allegations of harassing conduct by Easterbrook, let alone severe or pervasive harassing conduct, that was frequent, objectively offensive, or amounted to an interference in their work performance. All Plaintiffs assert is that Easterbrook subjected them to a hostile work environment without alleging any specific acts performed or statements made by Easterbrook against Plaintiffs. (Am. Comp., ¶¶ 141, 156, 168, 180). This conclusory allegation, without more, is insufficient, as a matter of law. *See e.g., Triplett v. Starbucks Coffee,* No. 10-C-5215, 2011 WL 3165576, at *4-5

6

(N.D. Ill. July 26, 2011) (dismissing a hostile work environment claim asserted by a plaintiff who alleged one racially insensitive comment made by her manager, a store policy requiring employees to buy goods before being permitted to use the restroom, and two racially based disciplinary actions). Thus, Plaintiffs hostile work environment claims against Easterbrook (Counts III and IV) should be dismissed with prejudice.

III. **Plaintiffs' Section 1981 Retaliation Claim Should Be Dismissed Because The Complaint Fails to Allege that Easterbrook Caused an Adverse Employment Action Because of Plaintiffs' Alleged Protected Activity.**

To state a retaliation claim under 1981, Plaintiffs must plead that they "engaged in a statutorily protected activity and [were] subjected to materially adverse actions as a result of that activity". *Garza v. Ill. Inst. of Tech.,* No. 17-C-6334, 2018 WL 26498, at *3 (N.D. Ill. Jan. 2, 2018). A statutorily protected activity is one that is more than a complaint about some situation at work; the complaint must rise to the level of an opposition to an unlawful employment practice prohibited by Title VII. *Nolan v. City of Chicago*, No. 15-cv-11645, 2017 WL 569154, at *3 (N.D. Ill. Feb. 13, 2017).[3] In the retaliation context, an adverse action is one that could "dissuade a reasonable worker from making or supporting a charge of discrimination." *Adam v. Obama for America,* 210 F. Supp. 3d 979, 990 (N.D. Ill. 2016).

Furthermore, a retaliation claim against an individual defendant is only appropriate if the individual personally participated in the retaliatory conduct. *Nieman v. Nationwide Mut. Ins. Co.*, 706 F. Supp. 2d 897, 909 (C.D. Ill. 2010). Retaliatory conduct occurs if an employee "suffered a materially adverse action [by the individual defendant] because she engaged in protected activity." *Shott v. Katz,* 829 F.3d 494, 497 (7th Cir. 2016). However, a retaliation claim cannot

---

[3] Section 1981 retaliation claims are analyzed under the same standards as Title VII retaliation claims. *See, e.g. Alexander v. Wis. Dep't of Health & Family Servs.*, 263 F.3d 673, 681-82 (7th Cir. 2001) (applying same standard to Title VII and section 1981 discrimination claims).

survive if a plaintiff cannot truthfully allege that an individual defendant had actual knowledge of a plaintiff's alleged protected activity. *Owens v. Enable Holdings,* No. 11-C-1703, 2012 WL 3638028, at *3 (N.D. Ill. Aug. 22, 2012).

Here, the Complaint provides no specific allegations which plausibly suggest that Easterbrook knew about any of Plaintiff's alleged protected activity and participated in any adverse actions against the Plaintiffs as a result of such knowledge, including any decision to allegedly exclude Plaintiffs from a MA2C meeting. (Am. Comp., ¶¶ 188, 202). Indeed, Paragraph 78 of the Complaint – which alleges that Plaintiffs Guster-Hines and Neal "attended NBMOA meetings and, with the knowledge of their White supervisors in a chain of command reaching Easterbrook and Kempczinski, they expressed empathy with the racial grievances expressed by the African-American franchisees" – contains Plaintiffs' allegation intended to indicate Easterbrook's knowledge of their purported protected activity.[4] Yet, this allegation, standing alone, is too vague and attenuated to satisfy Plaintiffs' pleading requirements.[5]

In any event, opposition to various neutral business decisions and practices that allegedly had a negative impact on franchisees and customers is not a statutorily protected activity. (Am. Comp., ¶¶ 91, 93). Rather, in order to plead engagement in a protected activity to establish a retaliation claim, Plaintiffs must allege that they opposed an "unlawful employment practice." *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir.2008); *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (noting that a retaliation claim asserted under either Title VII or Section 1981

---

[4] Plaintiffs specifically allege three distinct complaints made to McDonald's USA employees - none of whom are alleged to have directed such complaints to Easterbrook. (Am. Comp. ¶ 78(a)-(c)).

[5] Similarly, Plaintiffs' vague and conclusory allegation that they, along with others, including non-employees, "protested" to Easterbrook that the number of African American executives was "unacceptable" (Comp. ¶ 92) does not implicate a complaint about an unlawful employment practice and, in any event, there is no allegation that Easterbrook participated in any adverse action against the Plaintiffs as a result of such complaint.

requires that a plaintiff first show that he or she engaged in a protected activity). It is well settled that complaints about non-employees cannot constitute protected activity. *See Wimmer v. Suffolk Cty. Police Dep't*, 176 F.3d 125, 134-36 (2d Cir. 1999) (complaint did not constitute protected activity because it opposed alleged discrimination of non-employees); *Crowley v. Prince George's County*, 890 F.2d 683, 687 (4th Cir. 1989) (holding plaintiff's theory that he had been retaliated against for "investigating instances of racial harassment perpetrated by police officers against member of the community," was not cognizable because the statute is not a general "bad acts" statute but instead covers persons who bring discriminatory employment practices to light); *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978) ("[N]ot every act by an employee in opposition to racial discrimination is protected. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual."); *Salas v. N.Y. City Dep't of Investigation*, 298 F. Supp. 3d 676, 686 (S.D.N.Y. 2018) (complaints of discriminatory conduct about customers is not opposition to an employment practice that constitutes protected activity).

Absent an engagement in a statutorily protected activity, knowledge of such activity by Easterbrook, and a causal connection between such protected activity and an adverse employment action, Plaintiffs' retaliation claim against Easterbrook (Counts V and VI) cannot stand and should be dismissed as a matter of law.

## **CONCLUSION**

For the reasons discussed above, Easterbrook respectfully requests that the Court dismiss Plaintiffs' claims against him in their entirety with prejudice.

Dated: March 2, 2020 Respectfully submitted,

/s/ Nigel F. Telman
Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2020, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Carmen D. Caruso
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602

Linda C. Chatman
Chatman Law Offices, LLC
Two Prudential Plaza
180 N. Stetson Avenue, Suite 3500
Chicago, IL  60601

/s/ Edward C. Young
Edward C. Young