IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 1:20-cv-00117 |
| v. | ) ) ) | Honorable Mary M. Rowland |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEVEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT MCDONALD'S CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DISMISSAL OF THE AMENDED COMPLAINT**

Defendant McDonald's Corporation ("McDonald's Corp."), by and through undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss with prejudice all claims asserted in the Amended Complaint ("Complaint") against McDonald's Corp. In support of this Motion, McDonald's Corp. states as follows:

**INTRODUCTION**

On January 30, 2020, Plaintiffs Victoria Guster-Hines ("Plaintiff Guster-Hines") and Domineca Neal ("Plaintiff Neal") (collectively, "Plaintiffs") filed a 92-page, 296-paragraph Complaint that haphazardly attempts to assert claims of disparate treatment, disparate impact, hostile work environment and/or retaliation under Section 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII") against five different defendants, including McDonald's Corp. Fatal to Plaintiffs' employment claims, however, is their concession that they were both employed by

McDonald's USA – a separate and distinct legal entity than McDonald's Corp. – at all times relevant to the Complaint. At no point in time were Plaintiffs employed by McDonald's Corp. and Plaintiffs have not and cannot allege that McDonald's Corp. otherwise had any control over Plaintiffs' employment or involvement in the claims asserted in the Complaint. This compels the prompt dismissal of all of Plaintiffs' claims against McDonald's Corp.

In fact, the Complaint only identifies one McDonald's Corp. employee during the relevant time period – its former CEO, Stephen Easterbrook ("Easterbrook"). But even then, the Complaint is devoid of any factual allegations plausibly suggesting that Easterbrook (a) engaged in any "specified" employment action; (b) subjected Plaintiffs to severe and pervasive harassment; and/or (c) knew about Plaintiffs' alleged statutorily protected activity and subjected them to an adverse employment action as a result thereof. And, since Plaintiffs have not pled and cannot truthfully plead that any of the other individuals identified in the Complaint were employees or agents of McDonald's Corp. during the relevant time period, as a matter of law McDonald's Corp. cannot be held liable for the alleged conduct.

Finally, Plaintiffs' Title VII claims against McDonald's Corp. fail as a matter of law for additional reasons, including the fact that: (a) the vast majority of the conduct about which Plaintiffs complain is time barred because Plaintiffs failed to file their Charges of Discrimination with the EEOC within 300 days after their alleged claims arose; (b) Plaintiffs failed to exhaust their administrative remedies with respect to their disparate impact claims; and (c) even if Plaintiffs had exhausted their administrative remedies with respect to their disparate impact claims, such claims would still fail because the Complaint has not identified any specific employment policy that purportedly caused a disparate impact within the applicable statute of limitations period.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

In addition, a complaint must describe the claim in sufficient detail to "give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Perkins v. Lewis*, No. 06-cv-2177, 2007 WL 1118723, at *7 (C.D. Ill. Apr. 10, 2007).

Where, as here, a complaint fails to state an actionable claim, and is clearly against the wrong party, the Court should dismiss such claims against the wrong party in their entirety with prejudice. *See e.g.*, *Smith v. United States*, 298 F. App'x 510, 511 (7th Cir. 2008) (affirming dismissal of claims filed by a plaintiff who improperly sued the wrong parties under Rule 12(b)(6) of the Federal Rules of Civil Procedure).

**ARGUMENT**

**I. All of Plaintiffs' Claims Against McDonald's Corporation are Deficient and Should Be Dismissed as a Matter of Law.**

Plaintiffs concede, as they must, that they were employed by McDonald's USA (Am. Comp. ¶ 1). Notwithstanding, they seek to hold McDonald's Corp. liable for alleged unlawful employment actions under Title VII and Section 1981. However, where, as here, a plaintiff

3

seeks to hold a separate corporate entity liable for the alleged discriminatory actions of their employer, the plaintiff must plausibly allege that the affiliated corporation (i) "directed the discriminatory act, practice or policy of which the employee is complaining;" or (ii) is an indirect employer who controlled the plaintiff's employment relationship. *Betts v. Options Care Enters., Inc.*, No. 18-cv-4023, 2019 WL 193914, at *5-6 (N.D. Ill. Jan. 15, 2019).

Here, while the Complaint alleges in conclusory fashion that McDonald's Corp. purportedly exercises close control over McDonald's USA (Am. Comp. ¶37), what is conspicuously missing are any allegations that (i) McDonald's Corp. had control over the Plaintiffs' employment relationship with McDonald's USA during the relevant time period; or (ii) a McDonald's Corp. employee directed the alleged discriminatory conduct at issue. Such pleading is insufficient as a matter of law and, as a result, McDonald's Corp. should be dismissed with prejudice from this case.[1] *See Garzon v. Arrowmark Colorado Holdings, LLC*, No. 16-C-11525, 2017 WL 6988659, at *2-3 (N.D. Ill. Dec. 20, 2017 (dismissing complaint for failing to assert factual allegations that defendant controlled or supervised plaintiff's employment); *Shah v. Littelfuse Inc.*, No. 12-cv-6845, 2013 WL 1828926, at *3 (N.D. Ill. April 29, 2013) (dismissing complaint against entity where plaintiff had alleged no factual allegations that plausibly demonstrated the entity exercised any, much less "significant" control over his employment).

---

[1] Rather than describing which claims are against, or even involve McDonald's Corp., Plaintiffs collectively refer to McDonald's USA and McDonald's Corp. as "McDonald's" throughout the Complaint. By combining allegations against McDonald's USA and McDonald's Corp. – two separate and distinct corporate entities – without differentiating which actions are to be attributed to which entity, the Complaint fails to meet the necessary pleading requirements and should be dismissed as a matter of law. *See e.g.*, *Watt v. City of Highland Park*, No. 98-C-8123, 2001 WL 1090152, at *2-3 (N.D. Ill. Sept. 13, 2001) (dismissing several defendants from undifferentiated claims against all defendants); *Brooks v. Complete Warehouse & Distribution LLC*, No. 15-cv-564-pp, 2017 WL 120914, at *2 (E.D. Wis. Jan. 12, 2017) (same). Even considering Plaintiffs' collective claims against "McDonald's," Plaintiffs' claims against McDonald's Corp. are deficient for the reasons stated herein.

**II. Plaintiffs Cannot Rely on Allegations Asserted Against the Individual Defendants as the Only Basis for Naming McDonald's Corp as a Defendant.**

Plaintiffs' claims against McDonald's Corp. should be dismissed in their entirety because the Complaint is devoid of any factual allegations to support that Easterbrook – the sole McDonald's Corp. employee during the relevant time period referenced in the Complaint – (a) engaged in any "specified" employment action, (b) subjected Plaintiffs to severe and pervasive harassment, and/or (c) knew about Plaintiffs' alleged statutorily protected activity and subjected them to an adverse employment action as a result. Indeed, the Complaint's lack of factual allegations in this regard forms the very basis for Easterbrook's Motion to Dismiss the Amended Complaint as to claims asserted against him as an individual defendant.

Additionally, McDonald's Corp. cannot be held liable for the acts allegedly engaged in by the remaining individuals named in the Complaint, including Christopher Kempczinski ("Kempczinski")[2] and Charles Strong ("Strong")[3], because they were not "employees" or "agents" of McDonald's Corp. during the relevant time period. (Am. Compl. ¶¶ 39 and 69).

> a. **There Are No Allegations in the Complaint that Give Rise to a Reasonable Inference That Easterbrook, the only McDonald's Corp. Employee Referenced in the Complaint, Participated in or Otherwise Orchestrated Any of Adverse Employment Actions Alleged in the Complaint**.

Again, Easterbrook is the only employee of McDonald's Corp. referenced in Plaintiffs' Complaint during the relevant time period, and the Complaint is devoid of any factual allegations

---

[2] The Complaint alleges that Kempczinski was the President and CEO of McDonald's USA, LLC from 2016 until November 3, 2019, when he was hired as president and CEO of McDonald's Corp. (Am. Comp. ¶ 39).

[3] Strong is employed by McDonald's USA, not McDonald's Corp. (*Id.* ¶ 69). The Complaint alleges that Strong was the West Zone President until he was promoted to Chief Field Officer on December 2019. (*Id.* ¶ 40).

establishing that Easterbrook (or any other McDonald's Corp. employee or agent) had any involvement in the alleged conduct giving rise to Plaintiffs' claims. Dismissal of the claims against McDonald's Corp. is warranted for these reasons alone.

To put a finer point on it: although Easterbrook was the President and Chief Executive Officer of McDonald's Corp. until November 3, 2019 (Am. Comp. ¶ 38), there are no allegations in the Complaint upon which a trier of fact could conclude that Easterbrook caused or otherwise participated in any of the alleged adverse employment actions asserted in the Complaint, much less with the intent to discriminate against Plaintiffs (who were employees of McDonald's USA), or subjected Plaintiffs to a hostile work environment. The Complaint also fails to allege facts which plausibly suggest that Easterbrook engaged in any retaliatory conduct against Plaintiffs for engaging in any statutorily protected activity.

Thus, to the extent Plaintiffs' claims against McDonald's Corp. are reliant on its claims against Easterbrook (*e.g.*, pursuant to a theory of *respondeat superior)*, Plaintiffs claims against McDonald's Corp. for disparate treatment, hostile work environment, and retaliation under Section 1981 and Title VII should be dismissed for the reasons stated herein and for those stated in Easterbrook's Motion to Dismiss the Amended Complaint, filed concurrently herewith.

      b. **McDonald's Corp. is Not Liable for the Conduct Allegedly Engaged in by Kempczinski and Strong, or Any of the Other Employees Identified in Plaintiffs' Complaint.**

An employer may be liable for the acts of its agents under a *respondeat superior* theory. *Odeluga v. PCC Cmty. Wellness Ctr.*, No. 12-cv-07388, 2013 WL 4552688, at *5 (N.D. Ill. Aug. 27, 2013). Absent an agency relationship, a defendant cannot be liable for the acts engaged in by other parties. *See id.*

Neither Kempczinski nor Strong, both of whom are repeatedly referenced in Plaintiffs' Complaint, were agents of McDonald's Corp. during the time in question. (Am. Comp. ¶¶ 39, 40, 69). As Plaintiffs' concede in their Complaint, Kempczinski did not become employed by McDonald's Corp. until after November 3, 2019 — which is well after the relevant time period related to all acts complained of in the Complaint. (*Id.* ¶ 39). Strong was and remains employed by McDonald's USA, not McDonald's Corp. Thus, Plaintiffs failed to allege (and cannot truthfully allege) any facts to show that McDonald's Corp. is liable for acts attributed to Kempczinski and Strong. *See Gaston v. Ghosh*, 920 F.3d 493, 497 (7th Cir. 2019) (emphasizing that an employer can only be liable for the actions of others under a *respondeat superior* theory if the plaintiff proves that the person committing the tortious conduct was acting within the scope of employment).

Even if Kempczinski and Strong were agents of McDonald's Corp. during the relevant time period in question (again, they were not), Plaintiffs' claims related to Kempczinski and Strong would still fail and should be dismissed for the reasons asserted in Motions to Dismiss Plaintiffs' Amended Complaint filed by McDonald's USA, Kempczinski, and Strong. McDonald's Corp. is also not liable for any of the remaining employees named in the Complaint as they all were employed by McDonald's USA during the relevant time period. Thus, McDonald's Corp. is not a proper defendant in this action and should be dismissed with prejudice.

### III. Plaintiffs' Title VII Claims Fail for Additional Reasons – They Are Time Barred, They Failed To Exhaust Administrative Remedies, And They Are Not Adequately Pled.

Plaintiffs' Title VII claims (including the asserted disparate impact claims) against McDonald's Corp. should be dismissed because (a) the vast majority of Plaintiffs' claims are

barred by the applicable 300-day statute of limitations period; (b) Plaintiffs failed to exhaust their administrative remedies with respect to their disparate impact claims; and (c) Plaintiffs failed to allege any specific employment practice that resulted in a disparate impact against African-American employees.

### a. Plaintiffs Did Not File a Timely Charge of Discrimination with the EEOC.

42 U.S.C. § 2000e-5(e)(1) requires all charges of employment discrimination in violation of Title VII to be filed with the EEOC no more than 300 days after the alleged unlawful employment practice. *Waller v. Axiom Props.*, No. 16-C-8003, 2017 WL 168479, at *2 (N.D. Ill. Jan. 17, 2017). As such, dismissal based upon the failure to timely file a charge is appropriate "when the allegations in the complaint unambiguously establish the elements of the defense, such that the plaintiff pleads [herself] out of court." *Id.*

Plaintiffs have done precisely that here. Indeed, Plaintiffs' Charges of Discrimination ("Charges") were not filed until December 30, 2019 – more than 300 days after the factual allegations related to their Title VII claims arose. (*See* Plaintiffs' Charges of Discrimination dated December 30, 2019 attached hereto and further referenced herein as Exhibit A[4]). Any claims arising out of acts that occurred prior to March 5, 2019 are time-barred, including:

- Plaintiff Guster-Hines's claims that: (i) she was subjected to a hostile work environment by one of her superiors when he called her "stupid" and called her the "n-word" in 2005; (ii) McDonald's ignored a threat from a franchisee directed at Guster-Hines in 2016; (iii) Strong told her that five African American women,

---

[4] The Court may consider Plaintiffs' Charges without converting this Motion to a summary judgment motion because the Charges are referenced in Plaintiffs' Complaint and central to their Title VII claim. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (N.D. Ill. 2012).

- including Plaintiff Neal, were "angry Black women" that always seemed to be mad about something" in 2018; (iv) she complained about a regional HR director who stated that her daughter was uncomfortable in a school with too many Black students in 2017. (Am. Comp. ¶¶ 62-63, 69(a), 69(d), and 69(e), 71, 72).

- Plaintiff Neal's claims that: (i) she was subjected to a hostile work environment by one of her supervisors when he was openly rude in 2014; (ii) Strong instructed her not to consult with two African American women because "we don't need any of that Black woman attitude" in 2017; (iii) Strong warned her to "watch her delivery and be softer" and told staff and franchisees that she was angry. (*Id.* ¶¶ 64, 69(b), 69(f)).

- Plaintiffs' collective claims that they were: (i) not promoted to Vice President of Franchising & Operations in 2014 - March 4, 2019, (*Id.* ¶¶ 55(a)-(b), 60, 76(a)-(b)); and (ii) demoted to their current positions during the company-wide Field First Restructure in July 2018 and/or demoted in retaliation for their "empathy and advocacy" to support the National Black McDonald's Owners Association (*Id.* ¶¶ 79-81, 88, 91).

All claims upon which Plaintiff bases the aforementioned alleged acts should be dismissed in their entirety with prejudice because they are time barred.[5] Accordingly, the only

---

[5] To the extent Plaintiffs attempt to circumvent the 300 day statute of limitations by asserting that McDonald's misconduct constituted a "continuing violation," that doctrine only applies to hostile work environment claims. *Davis v. Palos Health*, No. 18-C-4345, 2019 WL 214916, at *3 (N.D. Ill. Jan. 16, 2019). And, even considering Plaintiffs' hostile work environment claims, the continuing violation doctrine does not apply when the time-barred incident "viewed alone should have triggered an employee's awareness of and duty to assert his or her rights." *Flowers v. City of Chicago*, No. 18-C-7003, 2019 WL 1932587, *3 (N.D. Ill. May 1, 2019) (*citing Simpson v. Borg-Warner Auto., Inc.*, 196 F.3d 873, 875 (7th Cir. 1999)).

Title VII claims that can even potentially stand are Plaintiffs' disparate treatment, hostile work environment, and retaliation claims against McDonald's Corp. related to the discrete acts that occurred on or after March 5, 2019.[6] (*See id*. ¶¶ 6, 21, 29, 99, 101-107, 274, 288).

### b. Dismissal of Plaintiffs' Title VII Disparate Impact Claims is Warranted Because Plaintiffs Failed to Exhaust Administrative Remedies as to Those Claims.

It is also well-settled that a plaintiff cannot bring a Title VII claim unless she first raises it in a timely EEOC Charge. *See Ajayi v. Aramark Bus. Servs. Inc.*, 336 F.3d 520, 527 (7th Cir. 2003); *Arce v. Chi. Transit Auth.*, No. 14-C-102, 2015 WL 3504860, *3 (N.D. Ill. June 2, 2015) ("[A] Title VII…'plaintiff cannot bring claims in a lawsuit that were not included in [her] EEOC charge.'") (*citing Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013)).

Plaintiffs failed to assert any disparate impact claims in their EEOC Charges. *See* Exhibit A. Accordingly, these claims also should be dismissed with prejudice.

### c. Plaintiffs Title VII Disparate Impact Claims Fail as a Matter of Law for Additional Reasons.

Even if Plaintiffs had exhausted their administrative remedies with respect to their disparate impact claim (which they have not), the claims would still fail because the Complaint does not properly plead a disparate impact claim. In order to survive a motion to dismiss, a disparate impact claim "must identify a specific employment practice, allege its causation of the disparate impact, and give defendants fair notice of the claim". *Camacho v. Advocate Health Care*, No. 11 c 5795, 2011 WL 5903471, at *2 (N.D. Ill. Nov. 22, 2011) (*citing McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 907 (N.D. Ill. 2011)).

---

[6] Defendants deny that such claims have any merit, and expect to develop sufficient evidence during discovery to support summary judgement in their favor.

Here the Complaint fails to identify a "specific employment practice" that: (1) occurred within the 300-day statute of limitations time-period as referenced in Section III(a); (2) was asserted in their EEOC Charges as referenced in Section III(b); and (3) allegedly caused a disparate impact.

## **CONCLUSION**

For the reasons discussed above, McDonald's Corp. respectfully requests that the Court dismiss Plaintiffs' claims against McDonald's Corp. in their entirety with prejudice.

Dated: March 2, 2020            Respectfully submitted,

                                          */s/ Nigel F. Telman*
                                          Nigel F. Telman
                                          Edward C. Young
                                          Proskauer Rose LLP
                                          70 W Madison, Suite 3800
                                          Chicago, IL 60602-4342
                                          Phone: 312-962-3548
                                          Fax: 312-962-3551
                                          ntelman@proskauer.com
                                          eyoung@proskauer.com

                                          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2020, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Carmen D. Caruso
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602

Linda C. Chatman
Chatman Law Offices, LLC
Two Prudential Plaza
180 N. Stetson Avenue, Suite 3500
Chicago, IL 60601

*/s/ Edward C. Young*
Edward C. Young