IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:20-cv-00117 |
| v. | ) ) | Honorable Mary M. Rowland |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEVEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE**
**CERTAIN ALLEGATIONS IN THE AMENDED COMPLAINT**

Defendants, McDonald's USA, LLC, McDonald's Corporation, Steven Easterbrook, Christopher Kempczinski, and Charles Strong (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike the immaterial, impertinent, and scandalous allegations from the Amended Complaint ("Complaint") filed by Plaintiffs Victoria Guster-Hines and Domineca Neal (collectively, "Plaintiffs").

Plaintiffs filed a 92-page Complaint setting forth 296 paragraphs of allegations in a "see what sticks" approach. The vast majority of the allegations have no arguable relevance to the otherwise straightforward individual claims of workplace discrimination, harassment and retaliation asserted by Plaintiffs under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in this action. It is appropriate for this Court to strike such allegations in order to reduce the

prejudicial impact on Defendants, and to remove unnecessary material from the complaint in order to focus and streamline the central issues in this litigation to ensure that discovery proceeds efficiently. The inappropriate allegations include the following:

1. Allegations regarding McDonald's customer base and franchise owners (Am. Comp. ¶¶ 12–20, 42);

2. Allegations relating to Plaintiffs' legally insufficient and untenable pattern and practice claims (Am. Comp. ¶¶ 4–7, 11, 20–25, 43, 59, 61, 117–123);

3. Irrelevant and prejudicial allegations falling far outside the governing statute of limitations period for Plaintiffs' claims (Am. Comp. ¶¶ 47–49, 51–52, 55, 59–66, 68, 82–83); and

4. Allegations that have no factual relevance to the claims asserted in the Complaint and which seek to embarrass or otherwise humiliate Defendants (Am. Comp. ¶¶ 9-10, 19, 20, 38, 43 (b, c, and d), 78(c)).

For the reasons discussed above and as set forth in Defendants' Memorandum of Law in Support of Their Motion to Strike Certain Allegations in the Amended Complaint, Defendants respectfully request that this Court strike the foregoing allegations.

Dated: March 2, 2020

Respectfully submitted,

*/s/ Nigel F. Telman*
Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2020, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Carmen D. Caruso
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602

Linda C. Chatman
Chatman Law Offices, LLC
Two Prudential Plaza
180 N. Stetson Avenue, Suite 3500
Chicago, IL  60601


*/s/ Edward C. Young*
Edward C. Young