IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:20-cv-00117 |
| v. | ) ) ) | Honorable Mary M. Rowland |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEPHEN[1] EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT STEPHEN EASTERBROOK'S REPLY IN SUPPORT OF
HIS MOTION FOR DISMISSAL OF THE AMENDED COMPLAINT**

Defendant Stephen Easterbrook ("Easterbrook"), by and through the undersigned counsel, hereby files this Reply in Support of His Motion for Dismissal of the Amended Complaint ("Complaint")[2] against Easterbrook.  In support of this Reply, Easterbrook states as follows:

**I.      INTRODUCTION**

Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Rule 12(b)(6) Motions to Dismiss (the "Response") presents no compelling reason why Easterbrook should remain a defendant in this matter and, in fact, actually reinforces Easterbrook's substantive arguments as to why dismissal of Plaintiffs' 42 U.S.C. § 1981(a)(1) ("Section 1981") disparate

---

[1] Plaintiffs improperly named Defendant Stephen Easterbrook as Steven Easterbrook.

[2] Defined terms shall have the same meaning ascribed to them in Easterbrook's Motion to Dismiss. (ECF No. 20).

treatment, hostile work environment, and retaliation claims *with prejudice* is appropriate. Dismissal of all claims against Easterbrook is warranted for a number of reasons.

First, the Response fails to address many of the arguments asserted by Easterbrook in his Motion. It is black-letter law that a non-movant's failure to proffer a substantive response to an argument asserted in a dispositive motion results in waiver and is, in itself, a basis to grant a motion to dismiss. *See Candell v. Shiftgig Bullpen Temp. Emp. Agency*, No. 17-cv-3620, 2019 WL 2173797, at *3 (N.D. Ill. May 20, 2019) (Rowland, J.); *see also* authority cited *infra*, at 3-4.

Second, the Response fails to rebut the fact that Plaintiffs' Complaint does not allege facts required to sustain Section 1981 claims for disparate treatment, hostile work environment, and retaliation against Easterbrook. Instead, Plaintiffs embellish the Complaint and proffer new conclusory allegations in an attempt to mask the numerous deficiencies contained in the Complaint as identified by Easterbrook's Motion. Yet, Plaintiffs' new allegations, which are provided without any legal analysis or authority in support thereof, do not cure the Complaint's fundamental pleading defects. *See Agnew v. Nat'l Collegiate Athletic Ass'n,* 683 F.3d 328, 348 *(*7th Cir. 2012) ([I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss….") (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir.1989)); *see also* authority cited *infra*, at 5.

Accordingly, Easterbrook respectfully requests that all claims asserted against him in the Complaint be dismissed *with prejudice*.

## II.    ARGUMENT

### A. Plaintiffs' Response Failed to Rebut, or Even Address, Easterbrook's Substantive Arguments in Support of his Motion to Dismiss Compelling Their Dismissal.

Easterbrook's Motion pointed out that Plaintiffs could not sustain the claims asserted in the Complaint against him because Plaintiffs did not allege, and could not truthfully allege, the following:

(1) Easterbrook caused or otherwise participated in any of the alleged adverse employment actions with the intent to discriminate against Plaintiffs;

(2) Easterbrook engaged in any action that amounted to a "constitutional deprivation" against Plaintiffs;

(3) Easterbrook's conduct that he is alleged to have engaged in, even if true (which Easterbrook denies), does not rise to the level of severity and pervasiveness necessary to support a hostile work environment claim in the Seventh Circuit; and

(4) Easterbrook had knowledge of an alleged protected activity and participated in any adverse actions against Plaintiffs because of such knowledge.

*See* Motion.

Plaintiffs' failure to address these arguments compels dismissal of their claims. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("[A party] waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver."); *Barnes v. Homestart Mortg. Corp.,* No. 11 C 8632, 2012 WL 4434683, at *2 (N.D. Ill. Sept. 20, 2012) (noting that a plaintiff's failure to address the legal arguments in a defendant's motion to dismiss is, within itself, a basis to grant the motion to dismiss); *cf. Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F. 3d 1039, 1041 (7th Cir. 1999) ("An unresponsive response is no response.").

As to the remaining arguments regarding Plaintiffs' disparate treatment, hostile work environment, and retaliation claims against Easterbrook, the Response fails to point this Court to specific fact allegations contained in the Complaint that can cure the deficiencies pointed out in Easterbrook's Motion to Dismiss, essentially leaving to the Court the responsibility of parsing through the Complaint's 294 paragraphs to determine whether Plaintiffs have sufficiently pled the claims they assert against Easterbrook. This is an inappropriate demand on the Court. *Davis v. Carter,* 452 F.3d 686, 692 (7th Cir. 2006) (noting that it simply is not the Court's job to sift through the record to determine whether there are sufficient allegations to support a party's claim); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). Rather, it is "[a]n advocate's job . . . to make it easy for the court to rule in his client's favor. . . ." *Dal Pozzo v. Basic Mach. Co., Inc.,* 463 F.3d 609, 613 (7th Cir. 2006).

Plaintiffs' failure to address Easterbrook's substantive arguments or provide any analysis to the Court as to how or why their claims are sufficiently pled supports immediate dismissal *with prejudice* of Plaintiffs' disparate treatment, hostile work environment, and retaliation claims (Counts I through VI) as to Easterbrook.

## B. Allegations Raised by Plaintiffs for the First Time in Their Response Should be Disregarded.

Plaintiffs' disparate treatment claims asserted under 42 U.S.C. § 1981(a)(1) ("Section 1981") against Easterbrook should be dismissed because there are no allegations *in the Complaint* which suggest that Easterbrook engaged in any action that amounted to a "constitutional deprivation" against Plaintiffs. S*ee* Motion at 4-5; *Holmes v. Hous. Auth. of Joliet*, No. 14 C 3132, 2014 WL 6564949, at \*6 (N.D. Ill. Nov. 20, 2014) (holding that "an individual defendant can be liable 'only if the supervisor causes or participates in a constitutional deprivation'") (citing *Smith v. Bray*, 681 F.3d 888, 889 (7th Cir. 2012)).

Plaintiffs do not identify allegations in the Complaint which demonstrate that Easterbrook caused or participated in an adverse action. Instead, Plaintiffs, for the first time in their Response, assert in a conclusory fashion that Easterbrook "directed" McDonald's Corporation and "indirectly [] directed" McDonald's USA in the alleged discriminatory act, practice or policy about which Plaintiffs' are complaining. (Response at 12.) Any attempt by Plaintiffs to amend their deficient complaint with this new allegation is inappropriate and should be rejected. *See Daleidan v. DuPage Internal Med, Ltd.,* No. 02 C 2785, 2002 WL 1858790, at *2 n.1 (N.D. Ill. Aug. 13, 2002) ("[A] plaintiff may not amend its complaint through arguments in its brief in opposition to a motion to dismiss") (citing *Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir. 1996) (plaintiff cannot ask to amend his complaint in brief in opposition to a dispositive motion); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) ("[C]omplaint may not be amended by the briefs in opposition to a motion to dismiss.")). Even if this allegation was stated in Plaintiffs' Complaint, it would not be enough to support a claim against Easterbrook. Plaintiffs fail to point this Court to any allegation in the Complaint that can support a conclusion that Easterbrook was involved in any of the alleged adverse actions asserted that form the basis of their claims in this lawsuit. Nor could they, because Easterbrook had no involvement in any actions taken by McDonald's USA with respect to either Plaintiff's employment.[3]

---

[3] Plaintiffs dedicate a majority of their Response to discussing non-employment policies that relate to franchisees and customers. (Response at 4-11). As further addressed in McDonald's Corp.'s Reply (ECF No. 45), Plaintiffs' allegations concerning third-party consumers and franchise owners do not establish a 1981 claim of intentional discrimination against Plaintiffs. *See Denham v. Saks, Inc.,* No. 07-cv-694, 2008 WL 2952308, at *7 (N.D. Ill. July 30, 2008) ("It is clear that Title VII focuses on how an employer treats his employees, not on how an employer treats [its] customers."); *cf. Musikiwamba v. Essi, Inc.,* 760 F.2d 740, 753 (7th Cir. 1984) (holding that personal liability cannot be imposed on a corporate official for the corporation's violation under Section 1981 unless a corporate official participates in "actual discrimination against the plaintiff"); *see also* Defendants' Motion to Strike, ECF No. 31 at 4-5.

Plaintiffs try to avoid this fact by stating in the Response that by nature of being CEO of McDonald's Corp. Easterbrook "caused" the company to "embark on the racist conduct," including the July 2018 Field First Restructure at McDonald's USA, LLC. (Response at 11). This argument fails for a number of reasons. First, it ignores that Easterbrook was not employed by McDonald's USA, and there is no allegation in the Complaint that he was so employed.[4] Second, there are no allegations in the Complaint that could be relied upon to support a conclusion that Easterbrook caused or otherwise participated in the FFR <u>and</u> did so with the specific intent to discriminate against Plaintiffs.

Plaintiffs ask this Court to hold Easterbrook liable simply because he was an officer of McDonald's Corp. at the time one of McDonald's Corp.'s subsidiaries, McDonald's USA, implemented a company-wide restructure, though the Complaint does not allege Easterbrook participated in any specific, intentional discriminatory act against Plaintiffs. This assertion is contrary to the very premise of a Section 1981 race discrimination claim – which requires proof that a defendant *intentionally* discriminated against the plaintiff because of the plaintiff's race. *See Comcast Corp. v. Nati'l Assoc. of African Am.-Owned Media,* 140 S.Ct. 1009, 1019 (2020) ("To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."); *see also James v. Get Fresh Produce, Inc.*, No. 18-cv-4788, 2018 WL 6199003, at *7 (N.D. Ill. Nov. 28, 2018) ("[U]nder Section 1981, a plaintiff alleging employment discrimination must plausibly allege in his complaint that he was subjected to intentional discrimination based upon his race"); *see also Taylor v. Ill. Dept. of Corr.*, No. 11-cv-7433, 2012 WL 669061, at *1-2 (N.D. Ill. Feb. 29, 2012) (dismissing Section 1981 claims

---

[4] In their Response, Plaintiffs argue, *for the first time*, that McDonald's Corp. and McDonald's USA are essentially the same entity. This is factually and legally incorrect, which is why Plaintiffs have failed to assert any fact allegation in the Complaint to support this argument. (*See* Response at 5-6)

absent allegations of fact that the defendant intended to discriminate against plaintiffs due to their protected status).

Simply put, Plaintiffs failed to plead the facts necessary to support the Section 1981 disparate treatment claims asserted against Easterbrook (Counts I and II) and, more importantly, there are no fact-based allegations Plaintiffs can rely on to sustain these causes of action against Easterbrook. As a result, Counts I and II should be dismissed *with prejudice* as to Easterbrook.

### C. Plaintiffs Did Not Oppose (or Even Address) Easterbrook's Arguments for Dismissal of Their Hostile Work Environment Claim and, Therefore, They Must be Dismissed.

Plaintiffs failed to respond to Easterbrook's argument that their hostile work environment claims should be dismissed because neither Plaintiff has alleged conduct directed at them that meets the Seventh Circuit standard of severe and persuasive conduct necessary for sustaining such claims. *See* Motion at 5-7; *Salgado v. Graham Enter. Inc.*, No. 18-cv-8119, 2019 WL 3555001, at *1, *2-3 (N.D. Ill. Aug. 1, 2019) (dismissing hostile work environment claim on 12(b)(6) motion because Plaintiff failed to allege racial slurs and other alleged conduct was severe and pervasive); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *4-5 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim do not rise to the level of severe and pervasive conduct that altered Plaintiffs working conditions). Not only does the Response's failure to respond to these arguments result in a waiver to contest this basis for Easterbrook's Motion to Dismiss, it is fair to conclude that there are no facts that Plaintiffs can truthfully plead that meet the required standard because, if such harm did occur, Plaintiffs would have included it somewhere in their 294 paragraph complaint.

Plaintiffs have presented this Court with no compelling reason why their Section 1981 hostile work environment claims (Count III and IV) directed against Easterbrook should not be dismissed *with prejudice*. *See* authority cited *supra*, at 3-4.

> ### D. Plaintiffs Failed to Address Easterbrook's Substantive Arguments as to Why Their Retaliation Claims as Pled Fail as a Matter of Law.

Plaintiffs' Response fails to address many of Easterbrook's compelling arguments which support dismissal of Plaintiffs' Section 1981 retaliation claims. Those arguments include the following:

(1) Plaintiffs failed to identify any opposition to any "unlawful employment practice" that constitutes a protected activity;

(2) the Complaint lacks facts that establish that Easterbrook knew about any specific protected activity, including any decision to allegedly exclude Plaintiffs from a McDonald's African American Council meeting;

(3) any opposition to various neutral business decisions and practices that allegedly had a negative impact on franchisees and customers is not a statutorily protected activity; and

(4) there are no facts which even suggest a causal connection between any protected activity and any adverse employment action to establish a retaliation claim against Easterbrook.

Motion at 7-9. Instead, Plaintiffs merely copied their Complaint allegations against Easterbrook, and cited to the general standard to state a retaliation claim under 1981 without any legal analysis, or substantive rebuttal.

Although the Response claims in conclusory fashion that the Complaint "sufficiently alleges the individual defendants participated in retaliation against Vicki and Domineca" (Response at 13 (citing Complaint ¶¶ 67-69, 91-93)), the cited Complaint paragraphs lack any factual allegations even plausibly suggesting that Easterbrook retaliated against Plaintiffs because

they complained about any unlawful employment practice.[5]   At best, the Complaint alleges at ¶

92 that Plaintiffs, along with African American franchisees, "protested" to Easterbrook that the

"disproportionate reduction of African American senior executives was unacceptable," but the

Complaint includes no fact allegations establishing how or when Plaintiffs "protested" (although,

as pled, the allegation suggests that Plaintiffs did not even "protest" until *after* the FFR was

implemented), whether Easterbrook was even aware of Plaintiffs' "protest" or that Plaintiffs were

even protesting alleged unlawful conduct sufficient to constitute protected activity.  The Complaint

also contains no fact allegations to suggest that Easterbrook retaliated against Plaintiffs because of

this alleged "protest," or that he otherwise participated in any adverse action against Plaintiffs.

Absent any substantive response to Easterbrook's arguments, Plaintiff's retaliation claims

(Counts V and VI) against Easterbrook should be dismissed as a matter of law.  *See* authority cited

pp. 3-4.

### E.  Plaintiffs Should Not Be Permitted to Amend Their Complaint.

Plaintiffs' unwillingness and inability to defend their claims or provide any analysis to the

Court as to how or why their claims are sufficiently pled is a compelling basis to not only grant

the Motion, but to also deny any further attempt to cure their already once-amended

Complaint.  *See Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir.

2019) (affirming the district court's decision to deny leave to amend the complaint and noting that

---

[5] Most of the allegations concern Plaintiffs' alleged complaints about non-employees (*i.e.*, franchise owners and customers), which cannot form the basis of a Title VII or Section 1981 retaliation claim as further addressed in McDonald's USA's and McDonald's Corp.'s Motions to Dismiss and Reply in Support of thereof (ECF Nos. 22, 28, 45, and 48); (*See* Complaint ¶ 67 (alleging that Plaintiffs supported the National Black McDonald's Operations Association ("NBMOA"), concerning franchise owners, and disapproved of the alleged discriminatory treatment of the NBMOA); ¶ 68 (alleging that Plaintiff complained about the purported unfair treatment of a franchise owner); ¶ 69 (alleging that Plaintiff complained after a franchise owner threatened her); ¶ 91(alleging that the demotions Plaintiffs received in the 2018 FFR "were in retaliation for their empathy and advocacy to support the [NBMOA]"); ¶ 93 (alleging no facts, but claiming in a conclusory fashion that Plaintiffs were retaliated against for advocating on behalf of franchisees and customers)).

"even a complaint that passes muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint. This rule applies when a party fails to develop arguments related to a discrete issue or when *a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss*.") (emphasis added) (internal citation omitted). Even considering Plaintiffs' Response, there is no variation of facts upon which they will be able to maintain a disparate treatment, hostile work environment, or retaliation claim against Easterbrook; thus, this Court should dismiss all claims asserted against Easterbrook *with prejudice*.

## **CONCLUSION**

For the reasons discussed above and in Easterbrook's Motion, Easterbrook respectfully requests that the Court dismiss Plaintiffs' claims against him in their entirety *with prejudice*.

Dated:  July 24, 2020                    Respectfully submitted,


                                         */s/ Nigel F. Telman*                                          
                                         Nigel F. Telman
                                         Edward C. Young
                                         Proskauer Rose LLP
                                         70 W Madison, Suite 3800
                                         Chicago, IL 60602-4342
                                         Phone: 312-962-3548
                                         Fax: 312-962-3551
                                         ntelman@proskauer.com
                                         eyoung@proskauer.com
                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2020, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Carmen D. Caruso
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602

Linda C. Chatman
Chatman Law Offices, LLC
Two Prudential Plaza
180 N. Stetson Avenue, Suite 3500
Chicago, IL 60601

*/s/ Nigel F. Telman*