IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) ) ) |
| Plaintiffs, | ) ) Case No. 1:20-cv-00117 |
| v. | ) ) Judge Mary M. Rowland |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEVEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' PARTIAL MOTION TO RECONSIDER
THE MEMORANDUM AND ORDER DATED JUNE 25, 2021 (DKT. #90)**

Defendants McDonald's Corp., McDonald's USA, LLC ("McDonald's USA") Christopher Kempczinski and Charles Strong (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their response in opposition to Plaintiffs' Partial Motion to Reconsider the Memorandum and Order Dated June 25, 2021 (Dkt. 90) ("Motion").

**Introduction**

Plaintiffs have moved this Court to reconsider the portion of its Memorandum & Order dated June 25, 2021 holding that, for purposes of a Section 1981 retaliation claim, an employee's protected activity "must be undertaken in opposition to an *unlawful employment practice* prohibited by Title VII or § 1981." (Motion at 1-2) (emphasis in original). Plaintiffs believe, without any supporting legal authority, that protected activity for purposes of a Section 1981

retaliation claim should also include opposition to "*any* unlawful practice" that Section 1981 would prohibit. *Id.* (emphasis in original).

The Motion should be denied because Plaintiffs have not met their heavy burden of establishing that this Court committed a manifest error of law by misapplying legal precedent thereby warranting reconsideration. Plaintiffs have not cited to a single case supporting their interpretation of what constitutes protected activity under Section 1981. In fact, the Motion does not even expressly contend that the Court committed error at all, let alone point to any controlling authority that the Court purportedly failed to follow. Nor could Plaintiffs make this showing, because the Court's holding squarely follows well-settled Seventh Circuit precedent.

While Plaintiffs claim "an important threshold point" to their Motion is that they purportedly did not have an opportunity to brief this as an issue in connection with responding to Defendants' Motions to Dismiss (Motion at 3), Plaintiffs overlook that Defendants presented this issue to the Court in asserting that Plaintiffs' retaliation claims should be dismissed (Dkt. 59 at 13-14), and the Court therefore addressed the issue in its ruling. It was only Plaintiffs who chose not to respond to Defendants' argument on this point, and therefore any such argument at this late stage is waived.

In short, for the reasons above and as set forth more fully below, the Motion should be denied in its entirety.

### Ruling on Defendants' Motion to Dismiss

On June 25, 2021, the Court granted Defendants' Motions to Dismiss in part. (Dkt. 90.) As pertinent here, the Court: (i) dismissed with prejudice Plaintiffs' Section 1981 retaliation claims as to Defendant Steve Easterbrook; (ii) dismissed without prejudice Plaintiffs' Section 1981 retaliation claims as to Defendants Chris Kempczinski and Charles Strong; and (iii)

dismissed with prejudice Plaintiffs' Section 1981 and Title VII retaliation claims against McDonald's Corp. The Court held that Plaintiffs had not alleged that those defendants authorized or personally participated in any retaliatory activity. (*Id.* at 26, 30-32, 36.)[1]

Additionally, the Court held that any retaliation claims premised upon Plaintiffs' opposition to the treatment of customers and franchisees was not "protected activity," as it was not activity in opposition to an alleged "unlawful employment practice prohibited by Title VII or § 1981." (*Id* at 17, 24.) The Motion seeks to challenge this ruling.

## Standard of Law

A motion to reconsider under Fed. R. Civ. P. 54(b) is appropriate "only in limited circumstances, and the movant must establish a manifest error of law or fact or present newly discovered evidence." *Johansen v. Curran*, No. 15 CV 02376, 2020 WL 419411, at *2 (N.D. Ill. Jan. 27, 2020) (Rowland, J.) A party moving for reconsideration "bears a heavy burden." *Id.* (citation omitted)); *see also Frazee v. Dearborn Cty. Sheriff's Dep't*, No. 4:16-cv-00005-SEB-DML, 2018 WL 4680156, at *1 (S.D. Ind. Sept. 28, 2018) (noting that motions to reconsider are rarely granted and are limited to cases where "the court has 'patently misunderstood a party,' has rendered a decision outside the issues presented to it, or has made an error 'not of reasoning but of apprehension'") (citation omitted).

"A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Johansen*, 2020 WL 419411, at *2 (citing *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)). "[T]he standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)." *Id.* n.3 (citation omitted).

---

[1] The Motion does not challenge these rulings.

The cases cited by Plaintiffs in the Motion are not to the contrary and reaffirm that motions for reconsiderations are strongly discouraged. *See* Motion at 2 (citing *Wilson ex rel. Adams v. Cahokia Sch. Dist. No. 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007) (denying motion for reconsideration and noting "motions for reconsideration … generally are not encouraged" and that "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again") (citations omitted)); Motion at 3 (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1271 (7th Cir. 1996) (concluding that the district court did not abuse its discretion in denying motion for reconsideration)); Motion at 3 (citing *Bd. of Trustees of Univ. of Ill. v. Micron Tech., Inc.*, 245 F. Supp. 3d 1036, 1044 (C.D. Ill. 2017) (denying motion for reconsideration and noting that "[b]ecause the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare") (citation omitted)).

## Argument

I. **The Motion Should Be Denied Because Plaintiffs Have Not And Cannot Establish That This Court Committed A Manifest Error Of Law.**

Plaintiffs have failed to meet their burden of establishing that the Court committed a "manifest error of law" by misapplying controlling legal precedent. (*See supra* pp. 2-3.) The Motion does not even contend that the Court misapplied any controlling precedent at all. (*See* Motion *generally*.) Rather, the Motion principally asserts that: (i) Plaintiffs purportedly did not have a prior opportunity to brief the issue regarding the scope of protected activity under Section 1981 (*id.* at 3), and (ii) expanding the scope of protected activity under Section 1981 to include

4

opposition to any conduct that Section 1981 prohibits would further the remedial goals of the statute. (*Id.* at 8.). The Motion should be denied for the reasons that follow.

***First***, Plaintiffs' claim that they were not previously given the opportunity to brief the issue underlying this Motion (*id.* at 3) is easily rejected. It overlooks that McDonald's USA moved to dismiss Plaintiffs' Section 1981 and Title VII retaliation claims on the grounds that Plaintiffs had failed to allege that they engaged in protected activity. (Dkt. 59 at 13-14). In so moving, McDonald's USA argued:

> [T]o the extent Plaintiffs claim that they engaged in a statutorily protected activity when they opposed various business practices that they conclude had a negative impact on African American franchisees and customers (Am. Comp. ¶¶ 91, 93), those claims fail as a matter of law because complaints about an alleged business practice that may impact non-employees do not constitute "protected activity" under the relevant statutes because they do not amount to opposition to an alleged "unlawful employment practice."

(*Id.*). The argument clearly was presented to the Court for consideration. However, Plaintiffs chose not to respond to this point in their opposition brief (*see* Dkt. 75), and therefore the argument they raise now is waived (and in no instance is it appropriate on a motion for reconsideration). Thus, Plaintiffs cannot credibly contend that, by simply ruling on what constituted "protected activity," the Court committed a manifest error of law.

***Second*,** Plaintiffs' contention that retaliation claims under Section 1981 and Title VII should be analyzed differently and subject to different requirements (Motion at 3-4, 8) is contrary to established law of this Circuit. This Circuit has reached the same result time and again. *See Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017) ("We generally use the same standard to review discrimination and retaliation claims under § 1981 and Title VII, and we do so here."); *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) ("We apply the

same standards to Title VII and § 1981 discrimination and retaliation claims."); *Smiley v. Columbia Coll. Chi.*, 714 F.3d 998, 1002 (7th Cir. 2013) (same); *Brown v. Advoc. S. Suburban Hosp. & Advoc. Health & Hosps. Corp.*, 700 F.3d 1101, 1104 n.1 (7th Cir. 2012) ("Technically, the plaintiffs brought their discrimination and retaliation claims under 42 U.S.C. § 1981 as well as Title VII, but the elements and methods of proof for § 1981 claims are 'essentially identical' to those under Title VII, so we need not analyze them separately.") (internal citations omitted); *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 403–04 (7th Cir. 2007) ("We see no reason to apply different requirements between the statutes with regard to retaliation claims"), *aff'd*, 553 U.S. 442 (2008). As recently as last year, the Seventh Circuit applied the same standard when analyzing retaliation claims under both statutes. *See Taylor-Reeves v. Marketstaff, Inc.,* 803 F. App'x 29, 30–31 (7th Cir. 2020).

Under that standard, for purposes of both Section 1981 and Title VII claims, "[a]n employee engages in a protected activity by either: (1) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or (2) opposing an unlawful employment practice." *Trumbull v. SCI Ill. Servs.*, No. 12 C 0321, 2013 WL 4836684 at *11 (N.D. Ill Sept. 10, 2013) (citing *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013)), *aff'd,* 575 F. App'x 683 (7th Cir. 2014); *Ross v. UChicago Argonne*, No. 18-cv-4200, 2020 WL 2041338, at *9 (N.D. Ill. Apr. 28, 2020) ("Protected activity [under Section 1981] encompasses 'filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes,' or 'opposing an unlawful employment practice.'") (citation omitted); *Garcia v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 660 F.2d 1217, 1223 (7th Cir. 1981) (plaintiffs did not engage in protected activity under Title VII or 1981 because they did not

engage in any protected activity in opposition to an "allegedly discriminatory employment practice"). At least one other court has held that complaints about allegedly discriminatory conduct regarding customers does not constitute a protected activity because it is not an opposition to an employment practice. *Salas v. N. Y. City Dep't of Investigation*, 298 F. Supp. 3d 676, 686 (S.D.N.Y. 2018).

Plaintiffs fail to cite even a single case, let alone controlling authority, to the contrary. None of the three cases cited by Plaintiffs—*CBOCS West, Inc. v. Humphries, O'Leary v. Accretive Health, Inc,.* or *Jones v. Culver Franchising System, Inc.* (Motion at 3-4)—support Plaintiffs' position:

- *CBOCS West, Inc. v. Humphries* merely held that retaliation claims are cognizable under Section 1981. 553 U.S. at 457. The Court did not analyze the scope of what constitutes protected activity under Section 1981 and, in any event, the alleged protected activity at issue was a complaint regarding an alleged unlawful employment practice. *Id.* at 445. Moreover, in the underlying decision from the Seventh Circuit (which was affirmed by the Supreme Court), the Seventh Circuit stated there is "no reason to apply different requirements between [Title VII and Section 1981] with regard to retaliation claims." *Humphries*, 474 F.3d at 403-04.

- *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625 (7th Cir. 2011) affirmed the entry of summary judgment in the defendant's favor on Section 1981 and Title VII retaliation claims. Again, the Court did not consider whether Section 1981 and Title VII have different standards with respect to what constitutes protected activity under each statute. And, like *Humphries*, the alleged protected activity at

7

issue in *O'Leary* concerned a complaint regarding an unlawful employment practice. *Id.* at 628.

- Finally, *Jones v. Culver Franchising System, Inc.,* did not even involve retaliation claims under Section 1981 or Title VII, and thus the court did not analyze the issue of what constitutes protected activity under either statute. 12 F. Supp. 3d 1079, 1080-81 (N.D. Ill. 2013).

Accordingly, there is no manifest error of law. Plaintiffs have not presented any grounds to establish that reconsideration is warranted, and the Motion should be denied.

## Conclusion

For these reasons, Defendants respectfully requests that the Court deny the Motion, and award all other and further relief as the Court deems just and necessary.

Dated: October 8, 2021

Respectfully submitted,

/s/ Nigel F. Telman
Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

*Attorneys for Defendant McDonald's USA LLC, McDonald's Corp., Christopher Kempczinski and Charles Strong*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 8, 2021, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Carmen D. Caruso
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602

Linda C. Chatman
Chatman Law Offices, LLC
Two Prudential Plaza
180 N. Stetson Avenue, Suite 3500
Chicago, IL  60601

*/s/ Nigel F. Telman*
Nigel F. Telman