**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Victoria Guster-Hines and Domineca Neal,<br><br>Plaintiffs,<br><br>v.<br><br>McDonald's USA, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-117<br><br>Judge Mary M. Rowland |

**ORDER**

This Court grants Defendants' partial motions to dismiss [105]; [108]. Defendants Christopher Kempczinski and Charles Strong are hereby dismissed from the Section 1981 retaliation claims in Counts V and VI of the third amended complaint [94]. This Court also denies Plaintiffs' motion for reconsideration [96].

**STATEMENT**

This is the second time this Court has addressed whether Plaintiffs have sufficiently alleged retaliation claims against Kempczinski and Strong under 42 U.S.C. § 1981. As such, this Court presumes familiarity with, and incorporates by reference, its prior opinion on Defendants' motions to dismiss the second amended complaint. *See Guster-Hines v. McDonald's USA, LLC*, No. 20-CV-00117, 2021 WL 2633303 (N.D. Ill. June 25, 2021). The following facts come from the third amended complaint [94].

Plaintiffs were African American senior executives for McDonald's USA, a subsidiary of the global parent company, McDonald's. [94] ¶ 1. Defendant Kempczinski served as President of McDonald's USA from 2016 through 2019, and is the current President of McDonald's. *Id.* ¶ 41. Defendant Strong is the former West Zone President of McDonald's USA and acted as Plaintiffs' supervisor until his promotion to chief field officer in 2019. *Id.* ¶ 42. Plaintiff has also named as Defendants McDonald's, McDonald's USA, and Steven Easterbrook, the prior CEO of McDonald's before Kempczinski. *Id.* ¶¶ 38–40.

Plaintiffs claim that Defendants discriminated against African Americans at every level, promoting more white executives ahead of more qualified African Africans. *Id.* ¶¶ 4, 50, 65. According to Plaintiffs, Defendants also terminated and demoted African American executives at a higher rate than white executives. *Id.* ¶ 92. Many of these terminations and demotions occurred as part of a 2018 reorganization of the McDonald's USA executive ranks. *Id.* ¶¶ 93–96. Plaintiff Guster-Hines alleges that McDonald's demoted her in 2018 in retaliation for advocating on behalf of herself and other African American employees and franchise operators. *Id.* ¶¶ 198–200. McDonald's also demoted Plaintiff Neal in 2018 in retaliation for her lawful advocacy on behalf of other African American employees and franchise operators; it then terminated Neal in 2020, allegedly for "pretextual reasons." *Id.* ¶¶ 34, 213–14, 128, 217. McDonald's leadership received notice in October 2019 that Plaintiffs would bring employment discrimination claims against them. *Id.* ¶ 220. After receiving notice, McDonald's USA's leadership retaliated against Plaintiffs again, intentionally excluding them from a McDonald's affinity group and instructing peers to exclude and isolate them from usual and customary activities. *Id.* ¶¶ 120, 204. In Counts V and VI of the TAC, Plaintiffs claim that McDonald's USA, Kempczinski and Strong retaliated against them in violation of 42 U.S.C. § 1981.

When this Court previously considered the retaliation claims in the second amended complaint, it dismissed Strong and Kempczinski without prejudice because Plaintiffs had not sufficiently pled these Defendants' personal involvement in the alleged retaliatory conduct. *Guster-Hines*, 2021 WL 2633303, at *10, 14. Kempczinski and Strong have moved to dismiss those same claims from the TAC, arguing that Plaintiffs have failed to cure their pleading deficiencies. [105]; [108].

A motion to dismiss tests the sufficiency of a counterclaim, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the counterclaim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all permissible inferences in the pleading party's favor. *Degroot v. Client Servs., Inc.*, 977 F.3d 656, 659 (7th Cir. 2020).

A Section 1981 retaliation claim requires Plaintiffs to plausibly plead that: (1) they engaged in statutorily protected activity; (2) their employer took a materially adverse action against them; and (3) the adverse action was caused by the protected activity. *Miller v. Chi. Transit Auth.*, 20 F.4th 1148, 1155 & n.2 (7th Cir. 2021). Because Strong and Kempczinski are individuals, Plaintiffs must also plausibly

allege that they personally participated in the retaliatory conduct. *Carter v. Chi. State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015) (citing *Smith v. Bray*, 681 F.3d 888, 896–97 (7th Cir. 2012)). After reviewing the TAC, this Court agrees with Defendants that Plaintiffs' TAC again falls short in plausibly alleging their personal involvement in retaliation.

As to Kempczinski, this Court previously found that there was "no indication" from the second amended complaint that Kempczinski knew of or authorized any retaliatory actions in response to Plaintiffs' complaints about racism or the filing of their complaint. *Guster-Hines*, 2021 WL 2633303, at *14. The TAC does little to cure these deficiencies. Plaintiffs emphasize their allegations that the company retaliated against them after September 2019, when they provided written notice of the claims they later filed in this case. [127] at 5–6; *see* [94] ¶ 120. Those allegations, however, make clear that it was *McDonald's*, not Kempczinski, who was responsible for the alleged retaliation. Plaintiffs allege that: (1) "*McDonald's* targeted" them for exclusion from the McDonald's African American Council; and (2) "*McDonald's* placed targets on" their backs and notified their peers of the pending claims and instructed peers to isolate them. [94] ¶ 120 (emphasis added). Plaintiffs also claim that "*McDonald's* further retaliated against" Neal by terminating her. *Id.* ¶ 122 (emphasis added). These allegations remain insufficient to raise an inference that Kempczinski personally participated in the alleged retaliation.

With respect to Strong, this Court previously found the allegations against him deficient because it was "not clear to what extent" Strong was involved in any alleged adverse employment actions. *Guster-Hines*, 2021 WL 2633303, at *10. The TAC does not fix this lack of clarity. As they did with Kempczinski, Plaintiffs point to their allegations that the company excluded them from the African American Council and "placed targets" on their backs by instructing their peers to isolate them. [128] at 6–7 (citing [94] at ¶ 120). As discussed, however, the allegations do not place responsibility for these retaliatory actions on any individual Defendant, but on *McDonald's* generally. Plaintiffs also suggest that Strong retaliated against them by creating a hostile work environment. [128] at 10–11. Plaintiffs cite to paragraph 77 of the TAC, where they detail "incidents of overt hostility" involving Strong in December 2016 through March 2018, where he refused to act on Guster-Hines' concerns about a franchisee's threats against her and verbalized racial stereotypes to both Plaintiffs. [128] at 11; *see* [94] ¶ 77. But to sustain a retaliation claim, Plaintiffs must plead that Strong subjected them to a hostile work environment *because* of Plaintiffs' claimed activity—here, complaining about racism and bringing a complaint. *Ross v. UChicago Argonne, LLC*, No. 18 CV 4200, 2020 WL 2041338, at *10 (N.D. Ill. Apr. 28, 2020). The TAC is devoid of any allegation that ties these hostile incidents with Plaintiffs' protected activity, however, and thus, does not state

a plausible retaliation claim against Strong based upon his alleged creation of a hostile work environment.

Nor do Plaintiffs' allegations that "Chris Kempczinski and Charles Strong specifically retaliated against [Plaintiffs] for speaking up for [their rights]" nudge their claim across the line from conceivable to plausible. [94] ¶¶ 203, 219. Such allegations are mere legal conclusions and fail to provide notice to Defendants of their specific personal involvement with the alleged retaliation. Plaintiffs also allege that Strong and Kempczinski "constructively terminated" or "constructively discharg[ed]" them for retaliatory purposes. [94] ¶¶ 204, 216. These allegations also are too conclusory to withstand Rule 12(b)(6), and in any case, the TAC makes clear that Plaintiffs were not, in fact, constructively terminated. Constructive termination means that an employee chose to resign due to intolerable working conditions, *Levenstein v. Salafsky*, 414 F.3d 767, 774 (7th Cir. 2005), and neither Plaintiff resigned. Rather, The TAC alleges that both Plaintiffs "refused to resign" and that Neal was actually terminated. [94] ¶¶ 121–22. For these reasons, this Court grants Defendants' partial motions to dismiss.

Additionally, this Court denies Plaintiffs' motion for reconsideration [94]. Plaintiffs argue that this Court erred by observing, in its prior opinion, that a retaliation requires "protected activity . . . undertaken in opposition to an unlawful employment practice." *Id.* at 1–2; *see Guster-Hines*, 2021 WL 2633303, at *9. Plaintiffs cite no authority for the position they advocate—that statutorily protected activity includes opposition to *any* unlawful practice, as opposed to an unlawful employment practice. As another court has noted, the question of what constitutes statutorily protected activity "is complicated by the fact that § 1981 does not include language setting forth the types of activities that are protected and the Supreme Court did not consider that issue in *CBOCS West,* which is the only case in which the Court has considered a § 1981 retaliation claim." *Howe v. Sears, Roebuck & Co.*, 990 F. Supp. 2d 913, 920 (W.D. Wis. 2014) (citing *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008)). In the absence of such authority, however, the Seventh Circuit assumes that the standard for protected conduct for retaliation claims brought under Title VII applies to Section 1981 claims, *see id.*, and that standard asks whether a plaintiff opposed any unlawful employment practice, *Logan v. City of Chicago*, 4 F.4th 529, 538 (7th Cir. 2021).

Dated: March 11, 2022

E N T E R:

Mary M Rowland

MARY M. ROWLAND
United States District Judge