IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:20-cv-00117 |
| v. | ) ) | Judge Mary M. Rowland |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEPHEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) ) ) ) ) ) ) ) | Magistrate Judge Laura K. McNally |
| Defendants. | ) | |

## DEFENDANT STEPHEN EASTERBROOK'S PETITION FOR FEES GRANTED BY COURT ORDER

Defendants Stephen Easterbrook, by and through their undersigned counsel, hereby submits this Petition for Fees (his "Fee Petition") pursuant to the Court's February 19, 2025 Order granting Defendants' Motion for Sanctions (ECF No. 571).

1. On December 10, 2024, Defendant Stephen Easterbrook, together with Defendants McDonald's Corp., McDonald's USA, LLC, Christopher Kempczinski, and Charles Strong (all together, "Defendants") filed a Combined Motion for Sanctions, Motion to Compel, and Request for Expedited Briefing Schedule ("Motion to Compel"), seeking sanctions against Plaintiffs Victoria Guster-Hines and Domineca Neal ("Plaintiffs") for their discovery violations relating to their production of documents in this case (ECF No. 536).

2. On February 19, 2025, the Court ruled on Defendants' Motion to Compel, holding, in relevant part, that Plaintiffs' discovery violations warranted appropriate sanctions. (*Id*., pp. 9–

1

10.) Accordingly, the Court held that: "Defendants may seek reimbursement of fees and costs associated with briefing connected to the motion to compel[.] . . . Specifically, Defendants may seek reimbursement of fees related to the work reflected in Docket Entries 535-541, 545-546, 550-569, and any related hearings." (*Id*., p. 9.) Additionally, the Court held that Defendants' "petition[s] may include a very modest sum for compilation of the fee petition[s]." (*Id*., p. 10.)

3. Per the Court's direction, Defendant Easterbrook hereby submits this Fee Petition seeking **$35,983.00** in attorneys' fees incurred in connection with the relevant filings and proceedings (including the compilation of this Fee Petition) as set forth and itemized in the Declaration of Desirée F. Moore filed contemporaneously herewith (the "Moore Decl.").[1]

4. Defendant Easterbrook is represented in this matter by Venable LLP ("Venable"). Counsel for Defendant Easterbrook has significant experience in all aspects of complex commercial litigation, including labor and employment litigation. (*See* Moore Decl. ¶¶ 3–8.)

5. The hourly rates charged by Defendant Easterbrook's counsel for this matter, including those for which Defendant Easterbrook currently seeks reimbursement, are their standard hourly rates. (*Id*. at ¶¶ 3, 9.) All amounts billed by Venable for this matter have historically been paid in full, and all amounts for which Defendant Easterbrook currently seeks reimbursement are either paid or are anticipated to be paid in full.

6. "The lodestar approach forms the 'centerpiece' of attorneys' fee determinations[.]" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). Under the lodestar method, reasonable attorneys' fees are determined by "multiplying the number of hours reasonably expended on the litigation by a

---

[1] As set forth in the supporting declaration, the requested amount excludes hours and fees attributable to the "text message auto-deletion argument" as discussed in the Court's February 19, 2025 Order. Moore Decl. ¶ 11.

2

reasonable hourly rate." *Id*. (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)) "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)).

7. "[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469–70 (7th Cir. 2008)); *see also Stark v. PPM America, Inc.*, 354 F.3d 666, 675 (7th Cir. 2004) ("We have previously stated that the best evidence of the market value of legal services is what people will pay for it."); *In re Synthroid Mkt'g Litig.,* 264 F.3d 712, 722 (7th Cir. 2001) ("If counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more.").

8. Here, the requested attorneys' fees for work performed in connection with the Motion to Compel and this Fee Petition are presumptively reasonable and, moreover, reasonable in light of the circumstances. *See* Moore Decl. ¶ 17; *Pickett*, 664 F.3d at 639; *Cintas Corp.*, 517 F.3d at 469–70; *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (explaining that what qualifies as a "reasonable" use of a lawyer's time "is a highly contextual and fact specific enterprise"); *Schmalz v. Village of North Riverside*, No. 13 C 8012, 2018 WL 11198063, at * (N.D. Ill. Dec. 17, 2018) (J. Rowland) (granting party's petition for fees incurred briefing motion for discovery sanctions and finding 67.5 spent briefing the motion to be reasonable).

WHEREFORE, Defendant Stephen Easterbrook respectfully requests that the Court approve his Petition for Fees Granted by Court Order and order Plaintiffs to reimburse Defendant Easterbrook for **$35,983.00** in attorneys' fees.

3

| | |
|---|---|
| Dated: March 21, 2025 | Respectfully submitted,<br><br>*Desirée F. Moore*<br>Desirée F. Moore<br>Daniel J. Hayes<br>Nelson M. Hua<br>Venable LLP<br>227 W. Monroe Street, Suite 1900<br>Chicago, Illinois 60606<br>Phone: 312-820-3400<br>Fax: 312-820-3401<br>DMoore@Venable.com<br>DJHayes@Venable.com<br>NMHua@Venable.com<br><br>Allison B. Gotfried<br>Venable LLP<br>151 West 42nd Street<br>New York, NY 10036<br>Phone: 212-307-5500<br>Fax: 212-307-5598<br>ABGotfried@Venable.com<br><br>*Attorneys for Defendant Stephen Easterbrook* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2025, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to All Counsel of Record.

*Nelson M. Hua*
Nelson M. Hua