IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL,<br><br>Plaintiffs,<br><br>vs.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEPHEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG,<br><br>Defendants. | Case No. 1:20-cv-00117<br><br>Honorable Mary M. Rowland<br>Magistrate Judge Laura K. McNally |

**DEFENDANTS' UNCONTESTED MOTION FOR AN EXTENTION
OF TIME TO DEPOSE PLAINTIFFS' EXPERT WITNESSES**

Defendants McDonald's USA, LLC, McDonald's Corporation, Christopher Kempczinski, Charles Strong (collectively, "Defendants"), through their undersigned counsel, hereby submit this Uncontested Motion for an Extension of Time to Depose Plaintiffs' Expert Witnesses. In support of this Motion, Defendants state as follows:

1. Plaintiffs have disclosed three expert witnesses in this case: Dr. Jay Finkelman, Dr. Caren Goldberg, and Kristin Kucsma.

2. On February 19, 2025, the Court ordered Defendants to depose Plaintiffs' expert witnesses by April 4, 2025. (ECF No. 571).

3. On March 4, 2025, Defendants noticed the depositions of Dr. Finkelman and Ms. Kucsma for March 31, 2025, and April 4, 2025, respectively, to take place at Defendants' counsel's

office in Chicago, Illinois. Defendants also requested that Plaintiffs provide availability for Dr. Goldberg's deposition on or after March 19, 2025. *See* Exhibit A.

4. On March 10, 2025, Plaintiffs informed Defendants that Dr. Finkelman and Ms. Kucsma were unavailable for their depositions on the dates noticed and asked Defendants to reissue notices for remote depositions via Zoom "and/or confirm that Defendants will pay their travel expense and their travel hourly rate to travel to Chicago for those dates." Plaintiffs also notified Defendants that Dr. Goldberg resides outside the country and requested that Defendants issue a remote deposition notice for Dr. Goldberg. *See* Exhibit B.

5. On March 11, 2025, Defendants confirmed that they would reimburse Dr. Finkelman and Ms. Kucsma for "reasonable travel expenses and their hourly travel rate," and requested that Plaintiffs provide them with Dr. Finkelman and Ms. Kucsma's availability to travel to Chicago for their depositions before the April 4 cutoff date. *Id.* As an accommodation to Plaintiffs, Defendants also agreed to conduct Dr. Goldberg's deposition via Zoom based on Plaintiffs' representation that Dr. Goldberg resides abroad. *Id.*

6. On March 12, 2025, Plaintiffs confirmed that Dr. Finkelman was available to travel to Chicago for his deposition on April 4, 2025. *Id.* Plaintiffs noted, however, that Ms. Kucsma was unable to travel to Chicago for her deposition before April 4, 2025. Plaintiffs instead proposed that Ms. Kucsma sit for her deposition in person in New Jersey, or in the alternative participate via Zoom, prior to April 4th. *Id.*

7. On March 17, 2025, Defendants advised Plaintiffs that they had a strong preference to depose Ms. Kucsma in-person in Chicago,[1] reiterated their request for Ms. Kucsma's in-person availability prior to April 4, 2025, and requested a meet and confer. *Id.*

---

[1] This preference was motivated by Defendants' efforts to save costs: two of Defendants counsel are planning on taking Ms. Kucsma's deposition and Defendants' in-house counsel attend all depositions in this case, therefore it is

2

8. On March 18, 2025, the Parties met and conferred to attempt to resolve the challenges related to scheduling Ms. Kucsma's availability to sit for an in-person deposition in Chicago. *Id.* Plaintiffs clarified that Ms. Kucsma was available and willing to travel to Chicago after April 4, 2025, when her work scheduled permitted. Plaintiffs also provided Ms. Kucsma's additional availability for an in-person deposition, all of which was after the Court's April 4th deadline. *Id.*

9. On March 18, 2025, Defendants re-noticed the deposition of Dr. Finkelman for April 4, 2025, in Chicago, Illinois at Defendants' counsel's office, and Dr. Goldberg's remote deposition for April 15, 2025.

10. Based on Ms. Kucsma's additional availability, the parties have agreed to proceed with Ms. Kucsma's deposition on April 25, 2025, in Chicago, Illinois at Defendants' counsel's office.

11. Accordingly, Defendants request that the Court extend the period by which Defendants are to depose Plaintiffs' expert witnesses from April 4, 2025 to April 25, 2025 in order to complete the depositions of Dr. Goldberg on April 15th and Ms. Kuscma on April 25th.

12. Plaintiffs have consented to the relief sought in the foregoing motion.

13. Defendants seek this extension for good cause and not to unduly delay the proceedings in this case.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant an extension of time, up to and including April 25, 2025, for Defendants to depose Plaintiffs' expert witnesses Kristin Kucsma and Dr. Caren Goldberg.

---

more cost effective for Ms. Kucsma to travel to Chicago for her deposition than to have upwards of five attorneys (including Plaintiffs' counsel) travel to New Jersey.

3

Dated: March 25, 2025                    Respectfully submitted,

|  | */s/ Nigel F. Telman* <br> Nigel F. Telman <br> Edward C. Young <br> Proskauer Rose LLP <br> 70 W Madison, Suite 3800 <br> Chicago, IL 60602-4342 <br> Phone: 312-962-3548 <br> Fax: 312-962-3551 <br> ntelman@proskauer.com <br> eyoung@proskauer.com <br> <br> Atoyia S. Harris <br> Proskauer Rose LLP <br> 650 Poydras Street, Suite 1800 <br> New Orleans, LA 70130 <br> Phone: 504-310-2027 <br> Fax: 503-310-2022 <br> aharris@proskauer.com <br> <br> *Attorneys for Defendants McDonald's Corporation, McDonald's USA, LLC, Christopher Kempczinski and Charles Strong* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 25, 2025, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

*/s/ Nigel F. Telman*