IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, ) ) Plaintiffs, ) ) vs. ) ) McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEPHEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, ) ) ) ) ) ) ) ) Defendants. ) ) | Case No. 1:20-cv-00117 Honorable Mary M. Rowland Magistrate Judge Laura K. McNally |

## **DEFENDANTS' MOTION TO QUASH NON-PARTY SUBPOENAS**

Defendants McDonald's USA, LLC, McDonald's Corporation, Christopher Kempczinski and Charles Strong (collectively, "Defendants"), move this Court pursuant to Rule 45(a)(3) of the Federal Rules of Civil Procedure for an entry of an order quashing three subpoenas issued by Plaintiffs Victoria Guster-Hines and Domineca Neal ("Plaintiffs") to non-parties: Julie A. Moore, Dr. Wayne Guay, and Canetta I. Reid (collectively, "Experts"). In support of this Motion, Defendants state as follows:

1. On May 29, 2025, Plaintiffs requested that Defendants accept service for three subpoenas ("May Subpoenas"), on behalf of the Experts, all of which were disclosed on May 9, 2025. *See* Exs. A-C.

2. On June 2, 2025 the parties met and conferred regarding the May Subpoenas. At this meeting Plaintiffs represented that the May Subpoenas were not delivered to the Experts. Defendants represented they were not authorized to accept service on behalf of the Experts.

3. On June 4, 2025, Plaintiffs provided Defendants with nearly identical subpoenas and noted that these subpoenas ("Subpoenas") were sent via certified mail to the Experts. *See* Exs. D-F.

4. All the Subpoenas have a return date of June 12, 2025, which is one day before the close of Expert Discovery in this case. Moreover, as of the filing of this motion, Defendants' counsel has not received confirmation that any of the Experts have been served with their respective subpoena.[1]

5. The Subpoenas request documents well beyond what is required by Federal Rule of Civil Procedure 26, including: (i) all documents and materials the Experts prepared in forming their opinions; (ii) all documents and communications in the Experts' custody relating to "this civil case"; (iii) documentation relating to the Experts' retention in both the current proceeding and prior proceedings; and (iv) prior case history where the experts have been disclosed as an expert by Defendants' counsel for the past 10 years.

6. On June 12, 2025, the parties met and conferred, and Defendants served their objections to Plaintiffs' Subpoenas. *See* Defendants' Certificate of Conferral filed herein.

7. Defendants have standing to move to quash the Subpoenas. *See Roman v. City of Chicago,* No. 20 C 1717, 2023 WL 121765, at *2 (N.D. Ill. Jan. 6, 2023) (finding a party whose

---

[1] Plaintiffs' counsel advised that based on tracking information provided by the United States Postal Service, they believe Dr. Guay's subpoena was delivered to his home; service of Ms. Moore's subpoena was attempted but refused; and Ms. Reid's subpoena was not yet delivered. Defendants' counsel has contacted each expert to confirm whether they each have been served but have not yet received confirmation.

2

experts were subpoenaed had standing to quash those subpoenas because the requests "may implicate [the party's] work product or attorney client privilege or the production of private information.")

8. Plaintiffs' Subpoenas should be quashed for the following reasons:

   a. First and as a threshold matter, the Subpoenas should be quashed pursuant to Rule 45(d)(3)(A)(ii) because Plaintiffs seek production of documents and information at Plaintiffs' counsel's office located in Chicago, Illinois, which is in excess of 100 miles from the Experts' locations.[2] *See* Exs. D-F. Defendants' Experts are each respectively located in Wellesley, Massachusetts (Julie A. Moore); Philadelphia, Pennsylvania (Dr. Wayne R. Guay); and Katy, Texas (Canetta I. Reid). *See Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3–4 (C.D. Ill. July 7, 2017) ("Because the subpoena compels compliance in a location that is not within 100 miles of where Bank of Springfield is located or transacts business, the subpoena must be quashed or modified.")

   b. Moreover, as noted above, counsel for the Defendants' have not received any confirmation that Plaintiffs effectuated service of any of the Subpoenas as of the filing of this motion, which makes the requested return date of June 12, 2025 at 5:00 pm even more egregious and burdensome.

---

[2] To the extent Plaintiffs assert that they are not subject to Rule 45(c)'s 100-mile requirement because they are willing to accept documents via e-mail, this District has held such an allowance does not permit non-compliance with Rule 45(c)'s requirement. *See Dou v. Carillon Tower/Chicago* LP, No. 18 CV 7865, 2020 WL 5502345, at *2 (N.D. Ill. Sept. 11, 2020) ("Given the ubiquity of email in modern communication, to create an exception under which documents that can be produced via email are not subject to the rule's geographical limitations would entirely swallow the "100-mile rule" set forth within Rule 45.")

3

    c. Third, Plaintiffs' Subpoenas are overly broad and not sufficiently particular and should be quashed pursuant to Rule 45(d)(3)(A)(iv) for subjecting both the Experts and Defendants to an undue burden. For example, Plaintiffs request all cases in which the Experts have been disclosed as an expert by Defendants' counsel for the past 10 years, which is six years longer than what is required pursuant to Rule 26(a)(2)(B)(v). Plaintiffs also request "[a]ll [d]ocuments and [c]ommunications…relating to this civil case" without any limitation other than the exclusion of materials that are protected under Rule 26. This request alone could implicate any publicly filed or media document or communication relating to this case that each Expert may have read even before their retention by Defendants, as well as communications with defense counsel after retention. While these broad requests create an undue burden on the Experts, they also create an undue burden on Defendants insofar that Defendants will have to review every potentially responsive document to ensure documents that are protected by the attorney client privilege, work product doctrine, or Rule 26 are not inadvertently produced by the Experts.

    d. Fourth, many of the requests the Subpoenas make are duplicative of what Defendants have already disclosed pursuant to Rule 26(a)(2). For example, Plaintiffs request the notes of "any interviews" conducted by the Experts but to the extent such interview notes were considered by the Experts in formulating the opinions rendered in this case; however, if any such documents existed, they would have already been produced pursuant to Rule 26(a)(2)(B)(ii). Further, Plaintiffs' request for "[a]ll [d]ocuments and [c]ommunications…relating to

4

this civil case," will inevitably result in the production of the very same documents identified in each of the Experts' respective reports. *See, e.g., Margoles v. United States*, 402 F.2d 450, 451-52 (7th Cir. 1968) (holding that the district court did not abuse its discretion in granting the Government's motion to quash subpoenas as "unreasonable as much too broad"); *WM High Yield v. O'Hanlon,* 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006) (granting a motion to quash where the subpoenas inflicted an undue burden on the non-party because the requests were overly broad.)

9. It is well documented in the case record that Plaintiffs have continuously sought extensive and unnecessary discovery in this case that has unreasonably extended the life of this case, requiring significant judicial resources and unnecessary motion practice as well as the resources of the parties. This is more of the same.

10. Notwithstanding the fact that Defendants' experts were disclosed to Plaintiffs on May 9, 2025 and their reports submitted to Plaintiffs on May 16, 2025, Plaintiffs' counsel failed to advise Judge Rowland or Defendants at the parties' May 22, 2025 status conference – that Plaintiffs were planning to issue third party subpoenas. In fact, Plaintiffs' counsel adamantly argued to the court that discovery in the case had been unnecessarily extended and that, after taking Defendants' Experts depositions, Plaintiffs were ready to proceed to trial.

11. Even more egregious is the fact that the current return date of the yet to be served Subpoenas is Thursday, June 12, 2025 – the day before Expert Discovery closes (Friday, June 13, 2025). Unless Expert Discovery is extended, the Subpoenas serve no purpose whatsoever. After almost five years of discovery, Defendants vehemently oppose any further extension of the discovery period. The Subpoenas should be quashed.

5

WHEREFORE, Defendants respectfully request this Court to grant their Motion to Quash Plaintiffs' Subpoenas.

Dated: June 12, 2025                          Respectfully submitted,

|  | |
|---|---|
| | */s/ Nigel F. Telman* <br> Nigel F. Telman <br> Edward C. Young <br> Proskauer Rose LLP <br> 70 W Madison, Suite 3800 <br> Chicago, IL 60602-4342 <br> Phone: 312-962-3548 <br> Fax: 312-962-3551 <br> ntelman@proskauer.com <br> eyoung@proskauer.com <br><br> Atoyia S. Harris <br> Proskauer Rose LLP <br> 650 Poydras Street, Suite 1800 <br> New Orleans, LA 70130 <br> Phone: 504-310-2027 <br> Fax: 503-310-2022 <br> aharris@proskauer.com <br><br> *Attorneys for Defendants McDonald's Corporation, McDonald's USA, LLC, Christopher Kempczinski and Charles Strong* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2025, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

*/s/ Nigel F. Telman*

## **LOCAL RULE 37.2 CERTIFICATION OF NIGEL F. TELMAN**

In accordance with N.D. Ill. L.R. 37.2, I, Nigel F. Telman, certify that counsel for Defendants McDonald's USA, LLC, McDonald's Corporation, Christopher Kempczinski, Charles Strong, and Stephen Easterbrook (collectively, "Defendants") have met and conferred with all parties or nonparties who may be affected by the relief sought in Defendants' Motion To Quash Non-Party Subpoenas ("Motion"), in a good-faith effort to resolve the issues set forth in the Motion, but have been unable to resolve such issues. Specifically, on June 12, 2025, via Zoom at 4:30 pm, the parties met and conferred regarding Defendants' Motion and their objections to Plaintiffs' Subpoenas served on that same date. The parties reached an impasse regarding Defendants' objections that are the subject of Defendants' Motion.

Dated: June 12, 2025                                                          */s/ Nigel F. Telman*