IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 1:20-cv-00117 |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEVEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) ) ) ) ) ) ) ) | Honorable Mary M. Rowland<br><br>Magistrate Judge Laura K. McNally |
| Defendants. | ) ) ) | |

**DEFENDANTS' CONSOLIDATED SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
<u>MOTIONS TO STRIKE</u>**

Plaintiffs' replies in Support of their Motion to Exclude Sham Affidavit of ████████ and their Motion to Exclude Summary Judgment Declarations (collectively, the "Motions to Strike") (ECF Nos. 778 and 780) raise new theories and arguments that were not included in the Motions to Strike, as well as certain substantive misstatements of the record. Defendants believe it is critical to bring these issues to the Court's attention to ensure the Court is properly apprised of the facts and arguments relevant to its consideration of the Motions to Strike.

***First***, Plaintiffs' assertion that the declarations should be excluded because Defendants did not respond to interrogatories requesting the reasons Plaintiffs were not selected for certain positions is based on a misstatement of the record by omission. (ECF No. 778 at 7; No. 780 at 6-7). Specifically, Plaintiffs fail to apprise the Court that they ***did not*** seek leave of Court to propound the interrogatory subparts that they refer to and rely on in the Motions to Strike. Rather, the Magistrate Judge only granted leave for Plaintiffs to propound "an interrogatory" requesting the names of the promotion decision-makers only (so that Plaintiffs could seek their depositions). Defendants answered those interrogatories, but objected to answering the numerous other subparts in question because Plaintiffs had *exceeded* the number of permissible interrogatories under the Federal Rules of Civil Procedure

To put a finer point on it, at *Defendants'* suggestion, the Magistrate Judge permitted Plaintiffs leave "to serve an interrogatory seeking the identity of the person(s) who made the decision to fill each position Plaintiffs believe went to less qualified non-African Americans." (ECF No. 278, 304). Plaintiffs instead issued ***38 additional interrogatories with 110 additional subparts*** seeking information beyond what was permitted by the Court. Defendants responded by identifying the decisionmakers for the at-issue positions and objecting to the remainder. Shortly thereafter, Plaintiffs' counsel agreed during meet and confer discussions that these interrogatories,

which were served by Plaintiffs' prior counsel, exceeded the scope of what was permitted and informed the Court that judicial intervention was no longer needed. (Group Ex. A; ECF No. 327 at 13). Plaintiffs arguing to the Court that Defendants' failure to respond to those interrogatories constitutes a basis to strike the declarations is misleading.

**_Second_**, Plaintiffs now argue in support of the Motion to Exclude the Sham Affidavit of ███ that McDonald's USA "made it very difficult for Plaintiffs to understand how McDonald's promoted individuals into positions for which Plaintiffs were overlooked" because McDonald's only stated in response to an interrogatory dated June 30, 2022 that "the criteria for promotion to various Vice President positions within McDonald's USA differ depending on, among other things, the duties and responsibilities of the position and experiences an individuals would need to be successful in the role.'" (ECF No. 780 at 7).

Plaintiffs again fail to advise the Court that the referenced interrogatory was deemed invalid by the Court because Plaintiffs had exceeded the interrogatory limit. (ECF No. 250). Notwithstanding, McDonald's USA appropriately objected and responded (as noted above) to the referenced interrogatory – which sought the requirements for promotion to **_any_** of the hundreds of Vice President positions across McDonald's USA or McDonald's Corp. for a period of 12 years (including promotions well beyond the statute of limitations period for the claims at issue). Plaintiffs never sought to narrow that exceedingly broad interrogatory or move to compel a more fulsome response. Moreover, ███ – who was not a decisionmaker for any promotion decision – does not offer any declaration testimony that contradicts McDonald's interrogatory response.[1]

---

[1] Plaintiffs also now assert in support of their Motion seeking to strike ███ affidavit that they "specifically" asked for talent discussion documents during fact discovery and Defendants did not produce such documents. (ECF No. 780 at 7). This is misdirection. None of the 120 document production requests that Plaintiffs rely on to support this argument "specifically" seek the production of "talent discussion" documents. Moreover, ███ declaration did not attach or rely on any "talent discussion" documents, which reveals that this argument is just another attempt to misdirect the Court.

***Third***, Plaintiffs now also claim that ▮▮▮▮ testimony contradicts the testimony of ▮▮▮▮ because ▮▮▮▮ declaration attests that the process for assessing whether someone is ▮▮▮▮ for promotion is separate from an annual performance review rating of an employee's performance in their current role. (ECF No. 780 at 5). Yet, both ▮▮▮▮ and ▮▮▮▮ testified that

▮▮▮▮

▮▮▮▮

▮▮▮▮

(ECF 688-1, ▮▮▮▮ Dec. ¶ 5-6; ECF 688-50, ▮▮▮▮ Dec. ¶ 4-5). ▮▮▮▮

▮▮▮▮

▮▮▮▮

Plaintiffs also misrepresent ▮▮▮▮ deposition testimony. They argue that ▮▮▮▮ testimony that she did not recall Neal's ▮▮▮▮ also meant that ▮▮▮▮ did not recall whether Plaintiffs were assessed as ▮▮▮▮ for promotion as part of a separate analysis. (ECF 780 at 2-3). That is incorrect. The term ▮▮▮▮ was repeatedly used by Plaintiffs' counsel throughout ▮▮▮▮ deposition to refer to ▮▮▮▮ (ECF 720-44, ▮▮▮▮ Dep. at 108:7-10, 108:22-109:1, 109:1-13, 110:15-21, 113:10-17). In fact, the very line of questioning that Plaintiffs rely on to claim that ▮▮▮▮ is now contradicting herself confirms that when Plaintiffs' counsel and ▮▮▮▮ used the term ▮▮▮▮ during the deposition, they were referring to ▮▮▮▮ (ECF 720-44, ▮▮▮▮ Dep. at 126:11-127:8).[3]

Dated: February 17, 2026      Respectfully submitted,

/s/ Nigel F. Telman

---

[2] *See also* ECF 688-33, Strong Dec. ¶ 8 (providing similar testimony to ▮▮▮▮ about the separate processes).

[3] The alignment of employee ratings to the ▮▮▮▮ ▮▮▮▮ (ECF 720-11, ▮▮▮▮ Dep. 140:10-25).

Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

Atoyia S. Harris
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Phone: 504-310-2027
Fax: 503-310-2022
aharris@proskauer.com

*Attorneys for Defendants McDonald's Corporation, McDonald's USA, LLC, Christopher Kempczinski and Charles Strong*

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2026, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

/s/ Nigel F. Telman