**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company and CHARLES STRONG,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:20-cv-00117<br><br>Honorable Mary M. Rowland<br><br>Magistrate Judge Laura K. McNally |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**<u>MOTION *IN LIMINE* NO. 6 (DKT. NO. 857)</u>**

Defendants McDonald's USA, LLC ("McDonald's USA") and Charles Strong ("Strong") (collectively, "Defendants") respectfully submit this Response in Opposition to Plaintiffs Victoria Guster-Hines's ("Guster-Hines") and Domineca Neal's ("Neal") (collectively, "Plaintiffs") Motion *in Limine* No. 6 to Admit Facts Relevant to Hostile Work Environment Claims (Dkt. No. 857).

## INTRODUCTION

Defendants seek to present Plaintiffs' hostile work environment claims consistently with the Court's summary judgment ruling and ensure that Plaintiffs do the same. At summary judgment, the Court carefully considered Plaintiffs' alleged incidents of harassment and concluded that only three alleged specific incidents could support their hostile work environment claim and proceed to trial. Dkt. No. 806 at 39–41. As to the remaining alleged incidents, the Court expressly determined that they could not support those claims as a matter of law because, among other reasons, Plaintiffs failed to connect the conduct to race or establish that it constituted unwelcome harassment of Plaintiffs. *Id.* at 39–40. Respecting this Court's ruling does not "artificially narrow" Plaintiffs' claims or limit the jury to "just a few of the worst incidents of discrimination," as Plaintiffs contend. Dkt. No. 857 at 4–5. It simply preserves the scope of the claims the Court determined should proceed to trial.

Plaintiffs' Motion *in Limine* No. 6 fails to acknowledge the Court's rulings. Instead, Plaintiffs invoke the general principle that a hostile work environment claim is evaluated under the "totality of the circumstances" to seek a sweeping ruling that evidence concerning the unspecified "entire circumstances and context" of Plaintiffs' workplace is admissible. Dkt. No. 857 at 1–5. Although Plaintiff do not identify the particular evidence they seek to admit, the breadth of their request appears to encompass at least the categories of evidence addressed in Defendants' Motions *in Limine* Nos. 1 and 3, including allegations and theories that did not survive

summary judgment or were otherwise abandoned, and collateral evidence concerning other employees, employment decisions, broader workplace conditions, and alleged systemic discrimination at McDonald's. Plaintiffs expressly identify the overall "working environment," workplace relationships, other employees leaving the workplace, resource allocation, and broader "patterns" of conduct as the type of "context" they contend the jury should hear. *Id*. at 2–3.

Plaintiffs accuse Defendants of inviting error by seeking to limit the evidence presented to the jury and ask the Court to reject Defendants' supposed attempt to "artificially narrow" the case. *Id.* at 4–5. But the totality-of-the-circumstances standard does not provide Plaintiffs with a basis to disregard the Court's summary judgment ruling and relabel rejected allegations, dismissed claims, or abandoned theories as "context." *See* Dkt. No. 845. Nor does it provide a freestanding basis to admit otherwise irrelevant or inadmissible collateral workplace evidence. And to the extent Plaintiffs seek admission of other purported "context," they have not identified that evidence with sufficient specificity for Defendants or the Court to assess its relevance, admissibility, or prejudicial effect. Plaintiffs' motion thus seeks something the totality-of-the-circumstances standard does not provide: advance approval to present an undefined universe of evidence merely by labeling it "context." Their motion should be denied.

## ARGUMENT

### I. THE TOTALITY-OF-THE-CIRCUMSTANCES STANDARD DOES NOT MAKE COLLATERAL WORKPLACE EVIDENCE ADMISSIBLE AS "CONTEXT".

Neither the substantive standard governing hostile work environment claims nor Plaintiffs' cited cases support the categorical ruling they seek. Plaintiffs' own authorities instead demonstrate that purported contextual evidence must have a sufficient connection to the alleged discriminatory environment before it becomes part of the totality the jury considers.

For example, Plaintiffs' reliance on *Alamo v. Bliss*, 864 F.3d 541 (7th Cir. 2017), ignores both its procedural posture and its reasoning. *Alamo* arose from a Rule 12(b)(6) dismissal, where the Seventh Circuit was required to accept the plaintiff's allegations as true. *Id.* at 548–49. There, the plaintiff alleged explicit national-origin harassment—including slurs and physical threats—along with facially neutral conduct, including coworkers stealing or throwing away his food. *Id.* at 550-51. The Seventh Circuit considered the facially neutral food incidents because, when viewed together with the explicit verbal abuse directed at the same plaintiff, the allegations plausibly suggested that those incidents themselves "were based on his national origin and contributed to a multifaceted effort to harass" him. *Id.* at 551. Thus, the purported "context" in *Alamo* was not collateral evidence about the workplace generally; it was conduct directed at the plaintiff that could itself reasonably be viewed as part of the same discriminatory harassment. Nothing in *Alamo* suggests that evidence concerning unrelated employment decisions involving other employees, other employees' experiences under different supervisors or in different offices, broader company-wide trends, or other collateral matters becomes relevant to a hostile work environment merely because it occurred in the same company.[1]

Plaintiffs' reliance on *Hall v. City of Chicago*, 713 F.3d 325 (7th Cir. 2013), and *EEOC v. Costco Wholesale Corp*., 903 F.3d 618 (7th Cir. 2018), likewise does not support a blanket rule admitting collateral workplace evidence as "context." Both cases apply the settled principle that conduct comprising an alleged hostile work environment must be evaluated collectively rather than divided into isolated incidents and assessed one by one. In *Hall*, the Seventh Circuit rejected

[1] To the extent Plaintiffs' reference to broader McDonald's "context" includes conduct or employment decisions involving McDonald's Corporation, that evidence is irrelevant to their surviving hostile work environment claims. McDonald's Corporation is no longer a defendant in this action, and Plaintiffs were not employed by that entity. *See* Dkt. No. 806 at 44. Plaintiffs cannot make otherwise unrelated Corporation-level evidence relevant merely by labeling it workplace "context" and invoking the totality-of-the-circumstances standard.

the defendant's attempt to "carve up" the supervisor's alleged course of harassment and determine whether each act was independently severe or pervasive. 713 F.3d at 330–32. *Costco* applied the same principle to the alleged harasser's ongoing harassment of the plaintiff. The court declined to consider the alleged harasser's comments and physical contacts in isolation because they occurred in the context of that same individual's year-long stalking and pursuit of the plaintiff. 903 F.3d at 625–27.

Defendants do not dispute that the three alleged statements the Court determined could support Plaintiffs' hostile work environment claims should be considered together in determining whether the alleged harassment was severe or pervasive. But *Hall* and *Costco* do not establish that the jury must also consider unrelated workplace events or collateral evidence as part of that analysis. Both cases concerned the collective evaluation of conduct alleged to comprise the harassment itself: in *Hall*, the supervisor's course of treatment of the plaintiff; and in *Costco*, the alleged harasser's ongoing course of harassment of the plaintiff. Neither case establishes that the totality-of-the-circumstances standard independently renders evidence concerning other employees, unrelated employment decisions, broader workplace conditions, or other collateral matters admissible as "context." Indeed, *Costco* itself recognized limits on the relevant "context" by disregarding untethered incidents from the alleged hostile work environment claims at issue. *Id.* at 627.[2]

[2] Plaintiffs' other authorities likewise involve a demonstrated connection between the purported contextual evidence and the alleged discriminatory environment. In *Smith v. Sheahan*, 189 F.3d 529 (7th Cir. 1999), evidence concerning other female employees involved similar threatening conduct by the same alleged harasser and was probative of whether his assault of the plaintiff was motivated by sex. *Id.* at 533–34. In *Williams v. City of Chicago*, 325 F. Supp. 2d 867 (N.D. Ill. 2004), the court held that workplace pornography was insufficient by itself because its mere presence affected employees "regardless of sex." *Id.* at 876. Only after finding separate evidence from which a jury could conclude that coworkers targeted the plaintiff because of her sex did the court hold that the pornography could contribute to the hostile environment "[i]n conjunction with this type of targeted conduct." *Id.* And in *Moore v. Metropolitan Water Reclamation District of Greater Chicago*, No. 02 C 4040, 2005 WL 2007291 (N.D. Ill. Aug. 12, 2005), the court held that evidence concerning another employee's harassment could not be considered in assessing the plaintiff's hostile work environment where there was no evidence that the plaintiff knew of it. *Id.* at *6–7. The

Plaintiffs' reliance on *Vance v. Ball State University*, 646 F.3d 461 (7th Cir. 2011), is particularly misplaced. Although *Vance* states that courts consider the "entire context of the workplace," the Seventh Circuit did not treat every workplace interaction as part of that context. *Id.* at 470–71. To the contrary, the court determined that a plaintiff "must be able to attribute a racial 'character or purpose'" to their alleged claim. *Id.* Thus, *Vance* did not treat ordinary workplace hostility or incivility as part of the relevant "context" merely because the plaintiff experienced it alongside race-based harassment. It was only after determining which conduct could contribute to the alleged racially hostile environment did the court explain that such conduct should be considered collectively. *Id.* at 471.

Plaintiffs therefore conflate two very different propositions. The totality-of-the-circumstances rule prevents a court from artificially disaggregating conduct that forms part of the alleged discriminatory environment when assessing whether that environment was severe or pervasive. It does not establish that the "entire circumstances" of Plaintiffs' employment are admissible.[3] Because Plaintiffs' authorities do not support the categorical admissibility ruling they seek, their motion should be denied.

---

evidence remained admissible there only for a separate purpose: evaluating the reasonableness of the employer's response to sexual harassment complaints—a theory that is not at issue here.

[3] Plaintiffs' remaining authorities are no broader. *Covington v. Johnson*, No. 18-cv-1076, 2019 WL 4827228, at *8 (S.D. Ill. Oct. 1, 2019), considered facially neutral conduct where the evidence permitted a jury to find that it was "part and parcel" of the same campaign of sex-based harassment. In *Cerros v. Steel Technologies, Inc.*, 288 F.3d 1040, 1046–47 (7th Cir. 2002), the Seventh Circuit required the district court to consider collectively the circumstances the plaintiff himself experienced—including repeated racial epithets directed at him by employees and supervisors, racist graffiti in his workplace (some naming him personally), and the slashing of his tires at work—in determining whether his working environment was sufficiently severe or pervasive. *Id*. at 1046–47. Plaintiffs now invoke *Cerros's* totality-of-the-circumstances principle to seek admission of an undefined universe of additional "context," apparently encompassing matters involving other employees, employment decisions, workplace conditions, and broader company-wide conduct. *Cerros* does not hold that such collateral evidence becomes relevant merely because it occurred somewhere within the same company. *Lapka v. Chertoff*, 517 F.3d 974, 983–84 (7th Cir. 2008) considered conduct whose significance derived directly from the underlying sexual assault. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998), while directing courts to consider "all the circumstances," emphasized that "simple teasing," offhand comments, and isolated incidents ordinarily do not alter the terms and conditions of employment, and that the standard must remain sufficiently demanding to prevent Title VII from becoming a "general civility code" and to filter out the "ordinary tribulations of the workplace." *Gates v. Board of Education of the City of Chicago*, 916 F.3d 631,

## II. PLAINTIFFS MAY NOT USE "CONTEXT" TO REINTRODUCE MATTERS THE COURT RESOLVED AT SUMMARY JUDGMENT.

Plaintiffs cannot use the totality-of-the-circumstances standard to reintroduce matters the Court already determined do not support their hostile work environment claims. The Court's summary judgment analysis identified the alleged incidents that could support Plaintiffs' hostile work environment claims. The Court held that Plaintiffs had "established that they were subjected to harassment on the basis of their race" as to three incidents: (1) Strong's alleged references to "angry Black women" and "Black woman attitude"; (2) Christopher Kempczinski's alleged comments during the April 2019 meeting with MA2C leadership; and (3) Mat Ajayi's alleged statement following the 2019 National Black McDonald's Operator Association ("NBMOA") meeting that the organization's leadership had become an "embarrassment." Dkt. No. 806 at 41.

Critically, the Court reached a different conclusion as to Plaintiffs' other alleged incidents of harassment. For example, the Court determined that Plaintiffs had not shown that the 2005 incident in which a white VP GM allegedly called Guster-Hines "stupid" was based on race; that Dan Carmichael's alleged threats to "hurt" and "ruin" Guster-Hines were based on race; or that an unidentified speaker allegedly labeled Neal a "troublemaker" because of her race. Dkt. No. 806 at 39–40.[4]

Plaintiffs say nothing about those determinations in their motion. Instead, they characterize Defendants' effort to follow the Court's rulings as an attempt to restrict the jury to "just a few of

---

638–41 (7th Cir. 2019) considered three expressly race-based incidents in determining whether the plaintiff's hostile work environment claim survived summary judgment and separately declined to consider a retaliation theory the plaintiff had failed to preserve at summary judgment. And *Williams v. DeJoy*, No. 24-2272, 2025 WL 601212, at *2 (7th Cir. Feb. 25, 2025), addressed whether three instances in a single week in which the plaintiff's supervisor called her "the help"— remarks the district court had determined had a "racial character" — were sufficiently pervasive to permit a hostile work environment claim to proceed past summary judgment. None supports Plaintiffs' categorical request to admit the unspecified "entire circumstances and context" of their workplace.

[4] The Court likewise determined that the alleged 2018 "cross breeding" comments were directed at another employee and therefore did not establish that Guster-Hines was subjected to unwelcome harassment. Dkt. No. 806 at 39–40.

the worst incidents." Dkt. No. 857 at 1, 3–5. They then invoke *Hall* and other totality-of-the-circumstances cases to argue that the jury should hear the "full context" of their workplace. *Id*. But none of Plaintiffs' authorities holds that the totality-of-the-circumstances standard permits presentation of allegations that the Court already considered on a developed summary judgment record and expressly determined do not support Plaintiffs' hostile work environment claim. Nor does that standard permit dismissed or abandoned theories to be presented as additional evidence of discrimination merely by characterizing them as "context." *See Gen. Citrus Int'l Inc. v. Remien,* No. 04 C 6402, 2009 WL 2486164, at *5 (granting motion *in limine* to exclude argument and evidence concerning matters decided at summary judgment)*; Life Spine, Inc. v. Aegis Spine, Inc.*, No. 19 CV 7092, 2023 WL 7919579, at *4 (precluding relitigation at trial because the court's prior summary judgment rulings were law of the case).

Plaintiffs' reliance on the Court's discussion of the Field First Restructure ("FFR") illustrates the problem with Plaintiffs' argument. Plaintiffs cite pages 5 through 15 of the summary judgment opinion because the Court recounted the FFR as part of the case's factual background. Dkt. No. 857 at 1. But the Court's recitation of that background in deciding summary judgment was not an evidentiary ruling admitting every fact discussed there at trial. Defendants do not contend that all evidence concerning the FFR is inadmissible. Certain facts concerning the restructuring may provide relevant background regarding Plaintiffs' positions and career trajectories at McDonald's. But that is different from presenting the FFR itself as evidence of race discrimination. After considering Plaintiffs' evidence concerning the FFR, the Court entered summary judgment against Plaintiffs on their disparate-treatment claims, including their theory that the FFR constituted race discrimination. Dkt. No. 806 at 17–33, 44. The Court's discussion of the FFR as factual background therefore does not provide a basis for presenting that dismissed

disparate treatment and discrimination theory to the jury as "context" for the limited remaining hostile work environment claims.

The same is true of Plaintiffs' other dismissed and abandoned theories. As explained in Defendants' Motion *in Limine* No. 1, Plaintiffs may not use their hostile-work-environment claims as a vehicle to relitigate alleged discriminatory failures to promote, FFR-based disparate treatment, Guster-Hines's constructive-discharge and retaliation theories, Neal's race-discrimination theory concerning her termination, disparate impact, or other theories no longer in the case. *See* Dkt. No. 845; *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007); *Wilson v. Ill. Dep't of Emp. Sec.*, No. 20-cv-06479, 2023 WL 6312115, at *3 (N.D. Ill. Sep. 28, 2023) (Rowland, J.). The totality-of-the-circumstances standard does not provide a basis for presenting those theories to the jury merely by relabeling them "context." Plaintiffs cannot use a motion seeking admission of "context" to obtain what the Court's summary judgment ruling forecloses. To the extent their motion seeks to do so, it should be denied.

## III. PLAINTIFFS' REMAINING UNDEFINED REQUEST IS TOO VAGUE FOR AN ADVANCE ADMISSIBILITY RULING.

Plaintiffs' requested relief independently fails because they seek a categorical ruling admitting the unspecified "entire circumstances and context" of their workplace without identifying the evidence encompassed by that request. Dkt. No. 857 at 1. Plaintiffs never define what they mean by the "entire circumstances and context" of their workplace, including whether that phrase refers to Plaintiffs' own working environments, McDonald's more broadly, or both. Although Plaintiffs refer generally to the overall "working environment," workplace relationships, other employees leaving the workplace, resource allocation, and broader patterns of conduct, they identify no particular evidence they seek to admit on any of those subjects. *Id.* at 2–3.

That lack of specificity makes the requested ruling impossible to evaluate. Whether any particular evidence constitutes relevant and admissible "context" depends on the evidence itself, the purpose for which it is offered, its connection to Plaintiffs and the alleged race-based harassment, and the requirements of the Federal Rules of Evidence. *See* Fed. R. Evid. 401–403. Without knowing what evidence Plaintiffs seek to admit, neither Defendants nor the Court can assess its relevance, admissibility, or prejudicial effect.[5]

The appropriate course is to address any purported "context" evidence when Plaintiffs identify the specific evidence and the purpose for which it is offered.[6] Denying Plaintiffs' motion would not preclude them from seeking to introduce particular evidence they contend provides relevant context. Rather, before presenting such evidence to the jury, Plaintiff should be required to identify it outside the jury's presence and obtain a ruling on its admissibility, permitting Defendants a meaningful opportunity to respond and the Court to evaluate the particular evidence and purpose for which it is offered.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendants' Motions *in Limine* Nos. 1 and 3 (Dkt. Nos. 845 and 847), Defendants respectfully request that the Court deny Plaintiffs' Motion *in Limine* No. 6.

---

[5] The practical consequences of Plaintiffs' vague request are substantial. Without knowing what purported "context" evidence Plaintiffs intend to present, Defendants cannot determine what witnesses or other evidence may be necessary to respond or prepare appropriate examinations. Permitting Plaintiffs to introduce unidentified "context" evidence at trial would thus risk requiring Defendants to address collateral matters without adequate notice and would undermine the parties' and the Court's ability to complete trial within the allotted ten trial days.

[6] Defendants' Motion *in Limine* No. 3 identifies examples of collateral evidence that may fall within the undefined "context" Plaintiffs seek to have declared admissible through this motion. *See* Dkt. No. 847. Such evidence should be excluded for the reasons set forth therein.

DATED: September 2, 2026

PROSKAUER ROSE LLP

By: *s/ Nigel F. Telman*


Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

Keisha-Ann G. Gray (*pro hac vice*)
Melanie M. Speight (*pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Phone: 212-969-3855
Fax: 212-969-2900
kgray@proskauer.com
mspeight@proskauer.com

Bart H. Williams (*pro hac vice*)
Kim Channick (*pro hac vice*)
Proskauer Rose LLP
2029 Century Park East
Los Angeles, CA 90067
Phone: 310-284-4520
bwilliams@proskauer.com
kchannick@proskauer.com

Atoyia S. Harris (*pro hac vice*)
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Phone: 504-310-2027
Fax: 504-310-2022
aharris@proskauer.com


*Attorneys for Defendants McDonald's USA, LLC, and Charles Strong*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2026, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

*s/ Nigel F. Telman*
Nigel F. Telman