**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company and CHARLES STRONG,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:20-cv-00117<br><br>Honorable Mary M. Rowland<br><br>Magistrate Judge Laura K. McNally |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION *IN LIMINE* NO. 8 (DKT. NO. 858)**

Defendants McDonald's USA, LLC ("McDonald's USA") hereby submit its Opposition to Plaintiffs' Motion *in Limine* No. 8, Dkt. No. 858 ("Dkt. No. 858" or the "Motion"). Plaintiffs Victoria Guster-Hines and Domenica Neal (collectively, "Plaintiffs") improperly seek to limit McDonald's USA from presenting evidence related to its Sixth, Twelfth, or Thirteenth Affirmative Defenses.[1] Plaintiffs contend that an interrogatory asking Defendants to identify the reasons actually relied upon for McDonald's USA's decision to terminate Neal's employment should preclude McDonald's USA from presenting any additional context or justifications that have since come to light through discovery or evidence regarding other reasons Neal's employment would have been terminated in support of McDonald's affirmative defenses. Plaintiffs mischaracterize the discovery record to suggest that the Sixth, Twelfth, and/or Thirteenth Affirmative Defenses come as a surprise to them. This is not so. Defendants raised their affirmative defenses, produced discovery related to the defenses, and questioned Plaintiffs at their depositions about the defenses.

Plaintiffs' failure to serve interrogatories or discovery seeking additional information on these affirmative defenses is not grounds to penalize McDonald's USA. McDonald's USA has

[1] McDonald's USA's Sixth Affirmative Defense provides that "[t]o the extent McDonald's was motivated in part by unlawful reasons (which McDonald's expressly denies), they would have taken the same actions with respect to Plaintiffs for lawful reasons." (Dkt. No. 407 at 113.) The Sixth Affirmative Defense was first asserted by McDonald's USA in its March 2, 2020 Answer to the Amended Complaint. (Dkt. No. 29 at 100.) The Sixth Affirmative Defense was subsequently asserted in its October 30, 2020 Answer to the Second Amended Complaint (Dkt. No. 66 at 107); its August 13, 2021 Answer to the Third Amended Complaint (Dkt. No. 104 at 113); its December 30, 2021 Amended Answer to the Third Amended Complaint (Dkt. No. 146 at 113); and its December 6, 2023 Amended Answer to the Third Amended Complaint (Dkt. No. 407 at 113).

McDonald's USA's Twelfth Affirmative Defense provides that "Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands." (*Id.* at 114.) The Twelfth Affirmative Defense was first asserted by McDonald's USA in its March 2, 2020 Answer to the Amended Complaint. (Dkt. No. 29 at 101.) The Twelfth Affirmative Defense was subsequently asserted in its October 30, 2020 Answer to the Second Amended Complaint (Dkt. No. 66 at 108); its August 13, 2021 Answer to the Third Amended Complaint (Dkt. No. 104 at 114); its December 30, 2021 Amended Answer to the Third Amended Complaint (Dkt. No. 146 at 114); and its December 6, 2023 Amended Answer to the Third Amended Complaint (Dkt. No. 407 at 114).

McDonald's USA's Thirteenth Affirmative Defense provides that "Plaintiffs' claims are barred, in whole or in part, by the after-acquired evidence doctrine." (*Id.*) The Thirteenth Affirmative Defense was first asserted by McDonald's USA in its December 6, 2023 Amended Answer to the Third Amended Complaint (Dkt. No. 407 at 114).

asserted and reserved these affirmative defenses in its Amended Answer to the Third Amended Complaint (Dkt. No. 407 at 113–114) and has never waived, withdrawn, or limited its ability to assert them at trial. The Motion should therefore be denied.

## ARGUMENT

### I. MCDONALD'S USA'S INTERROGATORY RESPONSES DO NOT FORECLOSE INTRODUCTION OF EVIDENCE OF MIXED MOTIVES (SIXTH AFFIRMATIVE DEFENSE).

#### A. Interrogatory No. 23 Does Not Request Information On The Sixth Affirmative Defense.

Plaintiffs provide an excerpt of McDonald's USA's response to Interrogatory No. 23 of Neal's First Set of Interrogatory Requests (Dkt. No. 859-10, "Neal's Interrogatories") to suggest that McDonald's has waived or foreclosed any "mixed motive alternative lawful" reasons for Neal's termination. (Dkt. No. 858 at 5.) Plaintiffs' Interrogatory No. 23 does not ask for the facts or basis for Defendant's mixed motive defense. It asks for "every fact, opinion, or other reason . . . that ***was asserted as grounds for terminating Domenica Neal***[.]" (Neal's Interrogatories at 26) (emphasis added). In other words, this interrogatory seeks the actual and stated reason behind the termination of Neal's employment.

The mixed motive affirmative defense, by definition, describes a hypothetical circumstance where McDonald's USA "would have taken the same action in the absence of the impermissible motivating factor." *Stoicescu v. Hamilton Sundstrand Corp.*, No. 24-cv-50018, 2025 WL 919519, at *5 (N.D. Ill. Mar. 26, 2025). Interrogatory No. 23 does not ask McDonald's USA to state alternatives or hypotheticals. It asks only what "***was asserted***" as grounds for Neal's termination. (Neal's Interrogatories at 26) (emphasis added). McDonald's cannot therefore be *precluded* from presenting evidence on its Sixth Affirmative Defense based on its response to an unrelated interrogatory.

**B. Plaintiffs Had Adequate Opportunities To Seek Discovery On The Sixth Affirmative Defense.**

Plaintiffs have been aware of McDonald's USA's mixed motive affirmative defense since March 2, 2020, when McDonald's USA filed its initial Answer and Affirmative Defenses to Plaintiffs' Amended Complaint. (Dkt. No. 29 at 100.) This alone establishes that Plaintiffs have sufficient knowledge and notice of the Sixth Affirmative Defense. *See Staub v. Hy–Vee, Inc.*, No. 19–CV–4249, 2022 WL 22972651, at *3 (C.D. Ill. Oct. 5, 2022) (declining to exclude an affirmative defense not stated in interrogatories because it was "sufficient where defendant had 'reserved' [the defense] in its answer and where discovery and deposition questions" went to the issue); *Abbott Lab'ys v. Sandoz, Inc.*, 743 F. Supp. 2d 762, 771 (N.D. Ill. 2010) (declining to exclude an affirmative defense where plaintiff was aware of the defenses and "had a fair opportunity to investigate them during the course of discovery").

Moreover, all relevant facts evidencing Neal's poor leadership and unprofessional behavior were explored throughout discovery and through motion practice. Plaintiffs deposed Luis Quintiliano (Neal's direct supervisor), Charles Strong (Quintiliano's direct supervisor), Lorelie Parolin (former West Zone Field People Officer), and Grace Speights (independent investigator), all of whom testified that McDonald's had serious concerns about Neal's poor leadership and unprofessional behavior. (Dkt. No. 686 ¶¶ 98–109 (summarizing complaints from 17 different employees regarding Neal's leadership issues).)

The same complaints about Neal's leadership and behavior were also raised in McDonald's USA's Motion For Summary Judgment. (*See* Dkt. No. 679 at 4–5, 20.) Plaintiffs did not object to the Court's consideration of that evidence at Summary Judgment. *Id.* Plaintiffs made a strategic choice during discovery not to propound an interrogatory requesting additional information on McDonald's USA's mixed motive defense. Their tactical decision has no bearing on whether

McDonald's USA sufficiently plead and preserved the Sixth Affirmative Defense. *McCarty v. Purdue Univ.*, No. 4:19-CV-43 JD, 2021 WL 3912564, at *5 (N.D. Ind. Sep. 1, 2021) (declining to strike an affirmative defense that was not identified in defendant's interrogatories because defendant had already asserted the defense in its answer and two witnesses had testified on the issue).

None of the cases Plaintiffs cite contemplate a similar situation. *See Moran v. Calumet City*, 54 F.4th 483, 497 (7th Cir. 2022) (excluding evidence at summary judgment that was not in the party's pleadings or in their interrogatories); *Sigle v. City of Chicago*, No. 10 C 04618, 2013 WL 1787579, at *6 (N.D. Ill. Apr. 25, 2013) (same); *Westefer v. Snyder*, No. CIV. 00–162, 2009 WL 3672500, at *3 (S.D. Ill. Oct. 30, 2009) (excluding evidence concerning issues in other lawsuits brought by plaintiff when the lawsuits were not previously disclosed to defendant); *Zenith Elecs. Corp. v. WH–TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (exclusion of damages evidence was based on a sanction for failing to respond to interrogatory even after court compelled their response). Plaintiffs do not—and cannot, based on the record—identify any similar surprise or lack of notice of the facts at issue.

## II. MCDONALD'S USA HAS PRODUCED EVIDENCE OF ITS UNCLEAN HANDS AND AFTER-ACQUIRED EVIDENCE AFFIRMATIVE DEFENSES (TWELFTH AND THIRTEENTH AFFIRMATIVE DEFENSES).

### A. Plaintiffs' Motion Mischaracterizes *McKennon*.

Plaintiffs argue that "the after-acquired evidence doctrine is not an affirmative defense for claims under Title VII," citing to *McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352 (1995) (Dkt. No. 858 at 6.) This is incorrect. "[C]ourts in this district have determined that after-acquired evidence is a proper affirmative defense[.]" *See Stoicescu*, 2025 WL 919519, at *5; *Artunduaga v. Univ. of Chicago Med. Ctr.*, No. 12 C 8733, 2016 WL 11943188, at *3 (N.D. Ill. Dec. 13, 2016) (declining to exclude evidence related to the after-acquired evidence affirmative

defense in an employment discrimination case); *Brown v. Yellow Transp., Inc.*, No. 08 C 5908, 2010 WL 152000, at *2 (N.D. Ill. Jan. 14, 2010) (granting motion to amend answer "to assert the affirmative defense of after-acquired evidence").

*McKennon* and the other cases cited by Plaintiffs provide that the after-acquired affirmative defense may function to limit damages. They do not stand for the proposition that the defense is inapplicable to employment discrimination cases. *See McKennon*, 513 U.S. at 362 ("Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer[.]"); *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1047 (7th Cir. 1999) (after-acquired evidence affirmative defense can limit employee's right to backpay).

*McKennon* also does not bar McDonald's USA's unclean hands defense. *See McKennon*, 513 U.S. at 360–61 (explaining that the ADEA "provides that the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate" and that this means "the employee's own misconduct is [not] irrelevant"); *also Petty v. Am. Senior Communities*, No. 1:21-CV-00538, 2022 WL 22887810, at *4 (S.D. Ind. July 26, 2022) (granting motion to amend pleadings to add unclean hands affirmative defense in employment discrimination case).

**B. Defendants Have Sought And Produced Evidence Of Its After-Acquired Evidence Defense.**

During discovery, McDonald's USA uncovered evidence that Neal had forwarded troves of confidential emails and business information from her McDonald's USA email account to her personal email account shortly before filing this lawsuit. (*See* Ex. A, Neal Dep. Tr. (Mar. 7, 2025) at 73:3-17, 78:12-80:8.) These actions violate McDonald's USA's Standards of Business Conduct. *Id*. After McDonald's USA asserted this affirmative defense, Plaintiffs propounded a request seeking the production of documents "related to any fact Defendants intend to use in support of

the 'after-acquired evidence' affirmative defense"—McDonald's produced and identified the documents in its response. (Ex. B, McDonald's USA's Responses to Plaintiffs' Second Set of Requests for Production at 5-6.) Specifically, McDonald's USA responded as follows:

> "Defendant McDonald's USA refers Plaintiffs to the following documents that are Relevant and Proportional . . . non-privileged documents within the Relevant Time Period (as defined in Section D of the foregoing General Objections): MCD-Neal_Guster-Hines 002922 through 002952, MCD-Neal_Guster-Hines 004246 through 004276, MCD-Neal_Guster-Hines 004279 through 004340, and MCD-Neal_Guster-Hines 04399 through 05972."

(*Id.*) (identifying dozens of documents and internal emails that Neal forwarded from Domineca.Neal@us.mcd.com to dominecaneal@gmail.com in August and September 2019).

Plaintiffs never objected to Defendants' document production and did not otherwise seek to meet and confer on this issue during discovery. Plaintiffs never served an interrogatory seeking additional information about this affirmative defense. Plaintiffs never asked a single witness about the factual basis for this affirmative defense.

Moreover, Interrogatory No. 23 has no bearing on McDonald's Thirteenth Affirmative Defense. The affirmative defense contemplates additional grounds for terminating Neal's employment which were not discovered until after her employment concluded—*i.e.*, not the reasons proffered for the actual termination of Neal on February 28, 2020. Naturally, Neal's admitted violation of McDonald's USA's Standards of Business Conduct was not "asserted as grounds for terminating" Neal at the time of her February 2020 termination because it had not yet been discovered by McDonald's USA. (Neal's Interrogatories at 26.)

### C. Defendants Have Sought And Produced Evidence Of Its Unclean Hands Defense.

McDonald's USA has always maintained that Neal's own actions (*i.e.* her poor leadership and unprofessional behavior) would have contributed to the eventual termination of Neal's employment irrespective of the findings of the independent cultural assessment investigation.

Concerns about Neal's actions are detailed in the discovery record and were identified in McDonald's USA's summary judgment papers. (*See* Dkt. No. 686 at ¶¶ 98–99 (detailing how "several employees from the Dallas Field Officer came forward to disclose that the workplace environment had significantly improved" after Neal went on leave and expressing concern that it would "significantly deteriorate" upon Neal's return); Dkt. No. 679 at 4 (Neal's supervisor had determined that her "continued unprofessional behavior was 'toxic' to the office"); Dkt. No. 788 at 13–15 (multiple employees at the Dallas Field Office disclosed that "they viewed Neal as abusive, manipulative, unprofessional, unreasonably hard on others, and a bully")). As with McDonald's mixed motive defense discussed *supra* § I, Interrogatory No. 23 does not ask for alternative or hypothetical reasons for Neal's termination. McDonald's USA's response to Interrogatory No. 23 does not bar McDonald's USA from asserting either affirmative defense at trial.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion *in Limine* No. 8 should be denied in its entirety.

DATED: September 2, 2026

PROSKAUER ROSE LLP

By: *s/ Nigel F. Telman*

Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

Keisha-Ann G. Gray (*pro hac vice*)
Melanie M. Speight (*pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Phone: 212-969-3855
Fax: 212-969-2900
kgray@proskauer.com
mspeight@proskauer.com

Bart H. Williams (*pro hac vice*)
Kim Channick (*pro hac vice*)
Proskauer Rose LLP
2029 Century Park East
Los Angeles, CA 90067
Phone: 310-284-4520
bwilliams@proskauer.com
kchannick@proskauer.com

Atoyia S. Harris (*pro hac vice*)
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Phone: 504-310-2027
Fax: 504-310-2022
aharris@proskauer.com

*Attorneys for Defendants McDonald's USA, LLC, and Charles Strong*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2026, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

*s/ Nigel F. Telman*
Nigel F. Telman