# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) | |
| Plaintiffs, | ) | Case No. 1:20-cv-00117 |
| v. | ) | Honorable Mary M. Rowland |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation, STEVEN EASTERBROOK, CHRISTOPHER KEMPCZINSKI, and CHARLES STRONG, | ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) | |

**DEFENDANT MCDONALD'S USA, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUPPLEMENTAL RULE 34 REQUEST**

Defendant, McDonald's USA, LLC, ("Defendant"), by its counsel, hereby responds to Plaintiffs' Supplemental Rule 34 Request ("Second Set of Request for Production of Documents") as follows:

## PRELIMINARY STATEMENT

Defendant responds to these document requests without waiver of or prejudice to its rights, at any later time, to raise objections to: (a) the relevance, materiality or admissibility of such responses, or any part thereof, in this proceeding or any other proceeding, and (b) any further demand for discovery involving or relating to matters raised by these document requests.

Furthermore, the information contained in the responses set forth below is based upon the information presently known to Defendant. Further investigation and examination may disclose additional information and documents relating to these responses. Defendant expressly reserves the right at any time to revise, correct, add to, or clarify any of the responses provided herein.

L. Defendant objects to the document requests to the extent they are incomprehensible, vague and/or ambiguous as written such that Defendant is unable to determine what documents Plaintiffs seek.

M. Defendant objects to the document requests to the extent they seek information that is not relevant to claims asserted in this lawsuit and/or proportional to the needs of this case. Defendant states that "Relevant and Proportional" documents are those that (i) contain information that is relevant to Plaintiffs' individual disparate treatment, hostile work environment, retaliation, and disparate impact claims or defenses in this lawsuit and proportional to the needs of the case as set forth in and limited by the relevant statutes of limitations and the Court's Memorandum and Order dated June 25, 2021 (Dkt. No. 90), granting in part and denying in part Defendants' Motion to Dismiss the Second Amended Complaint; (ii) relate to claims contained in the Third Amended Complaint that are the subject of Motions for Partial Dismissal of the Third Amended Complaint filed by Charles Strong and Christopher Kempczinski (Dkt Nos. 105, 106, 108 and 109), pending the Court's ruling on these Motions; and/or (iii) pertain to Defendants' defenses.

**SPECIFIC ANSWERS AND OBJECTIONS**

**REQUEST NO. 170**: All documents related to any fact Defendants intend to use in support of the "after-acquired evidence" affirmative defense (See R. 146 at p. 114, Thirteenth Affirmative Defense).

**RESPONSE TO REQUEST NO. 170**: Defendant objects to this Request as vague and overbroad because it fails to state with particularity the information it seeks, and instead seeks "all" documents "related to" "any fact Defendants intend to use in support of the 'after-acquired evidence' affirmative defense." As such, the burden this Request seeks to place on Defendant is not proportional to the needs of this case. Defendant further objects to this Request to the extent it seeks information equally available to Plaintiffs as it would be to Defendant. Defendant further

objects to this Request to the extent that it seeks documents that are outside of its possession, custody or control.

Subject to and without waiving the above stated General Objections and the foregoing specific objections, Defendant McDonald's USA refers Plaintiffs to the following documents that are Relevant and Proportional (as defined in Section M of the foregoing General Objections), non-privileged documents within the Relevant Time Period (as defined in Section D of the foregoing General Objections): MCD-Neal_Guster-Hines 002922 through 002952, MCD-Neal_Guster-Hines 004246 through 004276, MCD-Neal_Guster-Hines 004279 through 004340, and MCD-Neal_Guster-Hines 04399 through 05972. Investigation continues.

**REQUEST NO. 171**: Documents sufficient to show McDonald's USA's email monitoring software system(s) in place from January 1, 2014 through Plaintiff Guster-Hines' retirement, including (but not limited to) documents sufficient to show:

a. Whether McDonald's USA employs software that will notify the company whenever a work email (on the company's server) is sent, or forwarded, to an email address not on the company's server;

b. The number of instances an employee of McDonald's USA forwarded and/or sent a work email to their personal email[1];

c. All occasions between January 1, 2014 through Plaintiff Guster-Hines' retirement where an employee of McDonald's USA violated McDonald's Confidential Information Policy set forth in the McDonald's Standards of Business Conduct, including:

   i. Documents sufficient to show whether the employee was terminated, suspended, or otherwise punished, including:

   ii. Documents sufficient to identify the decision makers in the punishment decision, and documents sufficient to identify all facts relied on by the decision maker in coming to their decision;

   iii. Documents sufficient to identify the employee;

[1] For the purpose of this request, "work email" refers to an email relating to a McDonald's USA employee's job duties; and "personal email" refers to a McDonald's USA employee's personal email account (e.g., their Gmail email account). For any ambiguity, this request seeks instances where an employee of McDonald's USA is sending work related emails to their email address as Defendants accused Plaintiffs of doing in Nigel Telman's letter to Plaintiffs' counsel dated December 17, 2021.

attorney-client privilege, the attorney work product doctrine, the common interest privilege and/or any other privilege or protection recognized by law.

Subject to and without waiving the above stated General Objections and the foregoing specific objections, Defendant states that it is not in possession, custody or control of any non-privileged documents responsive to this Request.

Dated: April 5, 2022

Respectfully submitted,

*/s/ Nigel F. Telman*

Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 5, 2022, the foregoing document was served on Plaintiffs' counsel via electronic mail:

Carmen D. Caruso
Carmen D. Caruso Law Firm
77 West Washington Street
Suite 1900
Chicago, IL 60602
cdc@cdcaruso.com

Linda C. Chatman
Chatman Law Offices, LLC
Two Prudential Plaza
180 N. Stetson Avenue, Suite 3500
Chicago, IL 60601
lindachatman@chatmanlaw.com

*/s/ Edward C. Young*
Edward C. Young