**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL, | ) | Case No. 1:20-cv-00117 |
| Plaintiffs, | ) | Honorable Mary M. Rowland |
| v. | ) | Magistrate Judge Laura K. McNally |
| McDONALD'S USA, LLC, a Delaware limited liability company and CHARLES STRONG, | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION *IN LIMINE* NO. 2 (DKT NO. 855)**

Defendants' disclosures regarding the anticipated testimony of Parolin, Kersey, and Lowery are proper and consistent with the Federal Rules of Civil Procedure. Each is a former McDonald's employee whose circumstances may permit testimony by a method other than an in-person appearance. Rule 43(a) permits contemporaneous video testimony upon a witness-specific showing good cause in compelling circumstances; Rule 32(a)(4)(B) permits deposition testimony when, at the time the testimony is offered the witness is more than 100 miles from the trial courthouse. Defendants appropriately disclosed the potentially available methods of testimony and will satisfy the applicable Rule before presenting testimony by either method. As to Lowery, Defendants no longer preserve live testimony as a potential method of presenting his testimony and will instead present his deposition testimony by video designation under Rule 32(a)(4)(B). This resolves any dispute regarding the method of his testimony.

The record provides no basis for Plaintiffs' speculative allegation that Defendants intend to manipulate witness availability to improperly present evidence through an otherwise unavailable method. Parolin, Kersey, and Lowery are former McDonald's employees whom Defendants do not control. *See EEOC v. AutoZone, Inc.*, No. 14 C 3385, 2023 WL 9284101, at *3–4 (N.D. Ill. Sept. 7, 2023) (conditioning permission for remote testimony on the witnesses not being current employees within defendant's control). Parolin has documented previously scheduled international work travel during the week of September 28, 2026; Lowery resides more than 100 miles from Chicago; and Kersey likewise resides more than 100 miles from Chicago and has a preexisting professional commitment that may affect her in-person availability on particular trial dates. These are actual circumstances affecting former employees, not conditions manufactured by Defendants for trial. Further, Plaintiffs identify no concrete prejudice warranting the categorical order they seek.

# ARGUMENT

## I. RULES 43(A) AND 32(A)(4)(B) PROVIDE DISTINCT METHODS FOR PRESENTING TESTIMONY.

The Federal Rules of Civil Procedure authorize different methods of presenting testimony depending on a witness's circumstances. Rule 43(a) permits contemporaneous video testimony upon a showing of "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). The Seventh Circuit recognizes the Court's discretion to permit such testimony. *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018).

Rule 32(a)(4)(B) separately permits deposition testimony when a witness is more than 100 miles from trial or outside the United States, unless the offering party procured the witness's absence and subject to Rule 32(a)(1). Fed. R. Civ. P. 32(a)(1), (a)(4)(B). The 100-mile requirement is a "bright line." *Ueland v. United States*, 291 F.3d 993, 996–97 (7th Cir. 2002).

Plaintiffs' motion improperly seeks a categorical election among these methods before the circumstances governing their availability are known. The Rules require no such advance determination. Defendants will satisfy the requirements of the applicable Rule before presenting testimony by any method other than in person. As explained below, the circumstances differ for each of the three former employees at issue.

## II. PAROLIN'S DOCUMENTED INTERNATIONAL WORK TRAVEL SUPPORTS REMOTE TESTIMONY UNDER RULE 43(A).

Parolin's declaration supplies precisely the information Plaintiffs say is missing. She will be outside the United States from her September 27, 2026 departure through her October 1, 2026 return for professional travel that has been planned since December 2025, without involvement by Defendants or their counsel. Ex. A, Parolin Decl. ¶¶ 6–10. Plaintiffs have long been on notice of these constraints as Defendants identified Parolin's travel-related scheduling conflict during a meet and confer and again in the proposed pretrial order. Dkt. No. 839 at 20. Requiring her to appear in

Chicago during that period would disrupt a preexisting international travel obligation for her current job—the exact type of burden *Lopez* recognizes may establish good cause for remote testimony. *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) ("The cost of international travel can provide good cause for contemporaneous transmission of testimony."). Parolin is also a former employee whom McDonald's does not control, another circumstance relevant to the Rule 43(a) inquiry. *See AutoZone, Inc.*, 2023 WL 9284101, at *3–4 (permitting remote testimony for witnesses not within the defendant's employment control and for witnesses with professional commitments made in advance of trial). Parolin will also be attending her company's offsite executive training program from September 22 through September 24. Ex. A, Parolin Decl. ¶¶ 3–4. She nevertheless remains willing to testify either in person on Friday, September 25 or contemporaneously by video during the week of September 28 during her international travel. *Id*. ¶¶ 5, 11.

Plaintiffs' own authority supports evaluating those circumstances rather than categorically requiring Parolin to appear in person. In *Gray v. City of Chicago*, the Court considered the particular circumstances preventing a witness's in-person appearance, found good cause in compelling reasons, and permitted contemporaneous video testimony subject to appropriate safeguards. No. 1:18-CV-02624, 2023 WL 7092992, at *9 (N.D. Ill. May 8, 2023). Plaintiffs offer only a speculative allegation that Defendants will manipulate the trial schedule to avoid in-person testimony. They do not explain why Parolin's documented international work travel, considered together with her former-employee status, do not satisfy Rule 43(a). Parolin has now provided the witness-specific facts necessary for that inquiry. If her testimony is needed during her documented international travel, the Court should permit her to testify contemporaneously by video under Rule 43(a).

## III. RULE 32(A)(4)(B) PERMITS USE OF LOWERY'S DEPOSITION TESTIMONY BASED ON HIS LOCATION WHEN THE TESTIMONY IS OFFERED.

Lowery presents a straightforward application of Rule 32(a)(4)(B). He is a former McDonald's employee who resides more than 100 miles from Chicago—a fact Plaintiffs acknowledge. Dkt. No. 839 at 31; Dkt. No. 855 at 13. Defendants no longer preserve live testimony as a potential method of presenting Lowery's testimony and will instead present his deposition testimony by video designation. Plaintiffs' treatment of Tory Wozny confirms that Lowery's distance from Chicago is not their real objection. Wozny likewise resides more than 100 miles from Chicago and is designated for deposition testimony under Rule 32(a)(4)(B), yet Plaintiffs expressly seek no relief to him in this Motion because Defendants listed him only by video designation. Dkt. No. 839 at 41–42; Dkt. No. 855 at 11 n.1. Their objection to Lowery rested solely on Defendants' additional disclosure that he may testify live, and Defendants no longer preserve that alternative. Because Lowery will remain more than 100 miles from Chicago when his testimony is offered, Rule 32(a)(4)(B) permits Defendants to use his deposition testimony, subject to Rule 32(a)(1),[1] and Defendants have not procured his absence. Fed. R. Civ. P. 32(a)(1), (a)(4)(B). No separate showing of good cause under Rule 43(a) is required. *See, e.g.*, *Ueland*, 291 F.3d at 996–97 (Rule 32(a)(4)(B)'s 100 miles "is a bright line").

Plaintiffs' reliance on *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011), does not suggest otherwise. In *Sara Lee*, because the witness lived and worked more than 100 miles from Chicago, the court held that, "[a]ssuming [the witness] does not come to Chicago for the trial," the plaintiff could use the witness's deposition subject to Rule 32(a)(1)(B). *Id.* at 502.

[1] Plaintiffs participated in Lowery's deposition and had a full opportunity to examine him, satisfying Rule 32(a)(1)(A). Any testimony offered will remain subject to the Federal Rules of Evidence and the Court's evidentiary rulings, as Rule 32(a)(1)(B) requires. Because Lowery will remain more than 100 miles from Chicago when the testimony is offered, Rule 32(a)(4)(B) authorizes its use and thus satisfies Rule 32(a)(1)(C). Fed. R. Civ. P. 32(a)(1)(A)–(C), (a)(4)(B).

That is precisely the situation here: Lowery will not attend trial in Chicago and will remain more than 100 miles away when his testimony is offered. Defendants accordingly should be permitted to play his deposition.

Nor does Lowery's decision not to travel to Chicago establish procurement or support Plaintiffs' requested relief. Plaintiffs invoke procurement only through hypotheticals—speculating that Defendants might tell a witness not to come to Chicago, delay the witness's testimony to manufacture a conflict, or otherwise manipulate the method of testimony. Dkt. No. 855 at 11, 14–15. They identify no evidence that Defendants have done any of those things and cite no authority treating Defendants' advance disclosure of potential deposition use as procurement. Plaintiffs' speculation therefore provides no basis to preclude Lowery's deposition testimony, the requirements of Rule 32(a)(4)(B) being satisfied when his testimony is offered.

## IV. Defendants Appropriately Preserved the Available Methods of Presenting Kersey's Testimony.

Kersey's circumstances implicate both Rules 43(a) and 32(a)(4)(B). She is a former McDonald's employee who resides in Franklin, Tennessee, more than 100 miles from Chicago, and McDonald's neither employs her nor controls her schedule, professional commitments, or travel. Ex. B, Young Decl. ¶¶ 2–3. During trial, Kersey is scheduled to attend a Board of Directors meeting in Atlanta from September 27, 2026 through September 28, 2026, a commitment scheduled approximately one year in advance. (*Id.* ¶¶ 4–5.) As a Board Member and Compensation Committee Chair, her attendance is required to discharge governance, fiduciary, and voting responsibilities. (*Id.* ¶ 6.) Defendants disclosed that Kersey had a work obligation that created a conflict to Plaintiffs during the parties' meet and confer and in the proposed pretrial order. Dkt. No. 839 at 30–31. This preexisting obligation, coupled with Kersey's former-employee status, is the type of witness-specific circumstance relevant under Rule 43(a). *See AutoZone*, 2023 WL

9284101, at *3–4. Given these circumstances, Defendants appropriately identified the methods of presenting Kersey's testimony available under the Rules: in person, by contemporaneous video under Rule 43(a), or by deposition under Rule 32(a)(4)(B).

Plaintiffs characterize Defendants' preservation of these alternatives as an attempt to "have it both ways" and ask the Court to require Defendants to decide before trial whether Kersey will travel to Chicago. Dkt. No. 855 at 14–16. But the availability of multiple methods follows from Kersey's circumstances, not "gamesmanship" as Plaintiffs assert. Kersey confirms that her residence and Board commitment are independent of this litigation and that neither Defendants nor their counsel asked her to alter her residence, schedule, travel, or availability to affect how her testimony would be presented. Ex. B, Young Decl. ¶ 9.

If circumstances warrant contemporaneous video testimony, Defendants will seek the Court's authorization under Rule 43(a). If Kersey remains more than 100 miles from Chicago when her testimony is offered, Rule 32(a)(4)(B) independently permits use of her deposition testimony, subject to Rule 32(a)(1) and the no-procurement requirement. As with Lowery, Kersey's residence beyond the 100-mile radius is undisputed and exists independent of any action by Defendants. Preserving those alternatives simply reflects Defendants' use of the methods the Rules permit for presenting the testimony of a former employee who resides more than 100 miles from trial. Neither Rule requires Defendants to determine at this stage how Kersey's testimony ultimately will be presented.

Defendants will advise Plaintiffs and the Court of the definitive method of Kersey's testimony as soon as practicable and, in any event, no later than the start of trial. At that point, any request for contemporaneous video testimony will be evaluated under Rule 43(a), while any use

of Kersey's deposition testimony will remain subject to Rule 32(a)(4)(B)'s requirements when the testimony is offered. There is no basis to foreclose either permissible method now.

## V. *HALL*'S FACT-SPECIFIC PREJUDICE FINDING DOES NOT APPLY HERE.

Plaintiffs' prejudice argument rests on *Hall v. Jaeho Jung*, 819 F.3d 378 (7th Cir. 2016), but they identify no comparable prejudice here. They simply assert that the "same prejudice" found in *Hall* would occur here, without explaining why. Dkt. No. 855 at 14–15. *Hall* did not establish a categorical rule excluding deposition testimony whenever an opposing party invokes prejudice. It affirmed a discretionary ruling based on extraordinary, witness-specific credibility and rebuttal concerns: the witness twice failed to appear, the address supplied for her was a vacant lot, her deposition conflicted with material testimony, and her absence would prevent effective rebuttal and live assessment of her credibility. *See Hall*, 819 F.3d at 383–84.

None of those circumstances exist here. Defendants disclosed the contemplated methods of testimony in advance, and Plaintiffs identify no credibility problem, material inconsistency, lost rebuttal opportunity, or other witness-specific prejudice. The Seventh Circuit likewise has found no prejudice from videoconference proceedings where the party could present and cross-examine witnesses, offer evidence, and otherwise participate fully. *See Thornton v. Snyder*, 428 F.3d 690, 698–99 (7th Cir. 2005). Unlike the deposition testimony at issue in *Hall*, testimony under Rule 43(a) preserves real-time cross-examination and allows the jury to assess demeanor. And any deposition testimony offered under Rule 32(a)(4)(B) remains subject to Rule 32(a)(1), the Court's evidentiary rulings, and Plaintiffs' counter-designations. Indeed, Plaintiffs counter-designated nearly as much of Lowery's deposition testimony as Defendants designated, underscoring that they have had a full opportunity to identify and present any additional testimony they contend should be considered. Plaintiffs' generalized invocation of prejudice therefore does not justify categorically foreclosing either method of testimony.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion *in Limine* No. 2 should be denied. Specifically, the Court should decline to categorically require in-person testimony from Parolin, Lowery, or Kersey. Parolin should be permitted to testify contemporaneously by video under Rule 43(a) if her testimony is needed during her documented international travel. As to Lowery, Defendants no longer preserve live testimony as a potential method of presenting his testimony, and his deposition testimony should not be excluded because he will be more than 100 miles from Chicago when it is offered. And Defendants should be permitted to preserve the methods of presenting Kersey's testimony available under Rules 43(a) and 32(a)(4)(B), subject to satisfying the applicable Rule. Defendants will advise the Court and Plaintiffs of the anticipated method of Kersey's testimony as soon as practicable.

DATED: September 2, 2026

PROSKAUER ROSE LLP

By: *s/ Nigel F. Telman*

Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

Keisha-Ann G. Gray (*pro hac vice*)
Melanie M. Speight (*pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Phone: 212-969-3855
Fax: 212-969-2900
kgray@proskauer.com
mspeight@proskauer.com

Bart H. Williams (*pro hac vice*)
Kim Channick (*pro hac vice*)
Proskauer Rose LLP
2029 Century Park East
Los Angeles, CA 90067
Phone: 310-284-4520
bwilliams@proskauer.com
kchannick@proskauer.com

Atoyia S. Harris (*pro hac vice*)
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Phone: 504-310-2027
Fax: 504-310-2022
aharris@proskauer.com

*Attorneys for Defendants McDonald's USA, LLC, and Charles Strong*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2026, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

*/s/ Nigel F. Telman*
Nigel F. Telman