**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company and CHARLES STRONG,<br><br>Defendants. | ) | Case No. 1:20-cv-00117<br><br>Honorable Mary M. Rowland<br><br>Magistrate Judge Laura K. McNally |

**DEFENDANTS' MOTION FOR LEAVE TO FILE**
**<u>DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 26.2</u>**

Defendants McDonald's USA, LLC ("McDonald's USA") and Charles Strong ("Strong") (collectively, "Defendants"), hereby move this Court for leave to file certain documents and information under seal pursuant to Local Rule 26.2. In support of this Motion, Defendants state as follows:

1. Simultaneous with this Motion, Defendants are filing their responses to (1) Plaintiffs' Motion *in Limine* No. 5 Regarding the Scope of Plaintiffs' Financial Damages ("MIL 5"); (2) Plaintiffs' Motion *in Limine* No. 1 Seeking to Bar Improperly and Untimely Disclosed Witnesses ("MIL 1"); and (3) Plaintiffs' Motion *in Limine* No. 7 to Exclude Hearsay in Grace Speights Investigative Reports and Her Handwritten Notes in Their Entirety ("MIL 7").

2. In November 2021, this Court entered an Agreed Confidentiality Order (the "Confidentiality Order") governing the treatment of confidential materials produced or adduced in discovery. Dkt. No. 137. Under the Confidentiality Order, materials may be designated "Confidential" if they fall within enumerated categories, including "research, technical, commercial or financial information that the party has maintained as confidential" (category 2(c)),

"personnel, financial, or employment records of a person or organization who is not a party to the case" (category 2(g)), and "personal identity information" (category 2(e)). Dkt. No. 137 ¶ 2. The Confidentiality Order requires any party wishing to file designated materials with the Court to comply with Local Rule 26.2. Dkt. No. 137 ¶ 8. Consistent with Defendants' prior sealing motion, good cause exists under Federal Rule of Civil Procedure 26(c)(1)(G) to protect nonpublic financial and commercial information where disclosure would cause concrete privacy or competitive harm. *See Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002).

3. Exhibits D and E to Defendants' MIL 5 Response are excerpts from the deposition transcripts of Plaintiff Victoria Guster-Hines (taken July 18, 2022) and Plaintiff Domineca Neal (taken July 13, 2022), respectively. Portions of both transcripts were designated "Confidential" pursuant to the Confidentiality Order because they contain testimony regarding Plaintiffs' compensation, job offers and their terms, employment negotiations, and other nonpublic personnel and financial information concerning Plaintiffs and nonparty employers. McDonald's USA timely served a Notice of Confidentiality Designation identifying the confidential portions of the Guster-Hines transcript in accordance with the Confidentiality Order. The designated testimony concerns information protected by categories 2(c), 2(e), and 2(g) of the Confidentiality Order. Public disclosure would expose Plaintiffs' private compensation and employment histories and nonpublic personnel and compensation information of third-party employees. Defendants therefore seek leave to file Exhibits D and E in redacted form on the public docket, with redactions limited to the testimony designated as confidential, and to file unredacted versions under seal. Targeted redaction is the narrowest practicable means of protecting that information while preserving public access to the remainder of the transcripts.

4. Exhibit G to Defendants' MIL 5 Response is the Annual Compensation Confirmation for Plaintiff Domineca Neal, stamped "Confidential-Subject to Protective Order." The document sets forth Ms. Neal's base pay at McDonald's, target incentive plan award and calculation, individual and team performance factors, performance rating, and long-term incentive award information. This is confidential financial and commercial information protected by category 2(c) of the Confidentiality Order, which McDonald's has continuously maintained as confidential. Public disclosure would reveal Ms. Neal's private compensation and performance information and give competitors insight into McDonald's internal compensation design, incentive calculations, and performance metrics. Because Exhibit G consists entirely of such confidential information, targeted redaction would render the document unintelligible. Sealing the exhibit in its entirety is therefore the narrowest practicable means of preventing that harm.

5. The MIL 5 Response itself also quotes and cites confidential information concerning Ms. Neal's McDonald's compensation, including her base pay, target and long-term incentive awards, performance factors, and award calculations. This information was designated "Confidential" under the Confidentiality Order, falls within category 2(c), and would cause the same privacy and competitive harms if disclosed in the brief. Defendants therefore seek leave to file the MIL 5 Response in redacted form on the public docket, with redactions limited to references to Ms. Neal's confidential McDonald's compensation information, and to file an unredacted version under seal. Targeted redaction is the narrowest practicable means of protecting that information while preserving public access to the remainder of Defendants' legal arguments.

6. Exhibits 5, 8, 10, 13, 14, 15, and 16 to Defendants' MIL 1 Response are deposition transcript excerpts for which Defendants previously served Notices of Confidentiality

Designation. Defendants seek leave to file these exhibits with redactions limited to the testimony designated as confidential or to file entirely under seal where the full excerpt would be redacted.[1]

7. Exhibits 1, 2, 9, 11, 12, and 17 to Defendants' MIL 1 Response contain nonpublic and confidential information concerning Plaintiffs, current and former McDonald's employees, and other third parties, including personal contact information, personnel and employment information, and sensitive personal information. Defendants seek leave to file these exhibits with targeted redactions limited to such confidential information or under seal where the entire document would be redacted, with unredacted versions filed under seal.

8. Defendants' MIL 7 Response contains limited references to confidential information obtained through Grace Speights's workplace assessment investigations, including information provided by current and former McDonald's employees during confidential interviews. Defendants seek leave to redact only those portions of the MIL 7 Response that disclose such confidential information. These targeted redactions protect sensitive, nonpublic employee and workplace assessment investigation information while preserving public access to the remainder of the filing.

9. Exhibits A, B, and C to Defendants' MIL 7 Response include Ms. Speights's confidential workplace assessment reports and handwritten interview notes, which also contain information provided by current and former McDonald's employees during confidential interviews. Defendants therefore seek leave to file those materials under seal.

[1] Exhibit 5, Vol. 1 of the Deposition Transcript of Guster-Hines, was previously filed in redacted form at Dkt. No. 798-3. Exhibit 13, Volume 1 of the Deposition Transcript of Grace Speights, was previously filed in redacted form at Dkt. No. 798-13. Exhibit 16, Vol. 2 of the Deposition Transcript of Domineca Neal, was previously filed in redacted form at Dkt. No. 798-8. Exhibit 19, Vol. 1 of the Deposition Transcript of Domenica Neal, was previously filed in redacted form at Dkt. No. 798-5.

10. Pursuant to Local Rule 26.2(e), Defendants will provide the Court with unredacted, complete paper copies of the MIL 5 Response and Exhibits D, E, and G thereto; MIL 1 Response and Exhibits 1-2, 4-6, 8, 10-17, and 19; and MIL 7 Response and Exhibits A-C thereto, within the time required by this Court's Standing Order, and will serve unredacted, complete copies on Plaintiffs.

11. Counsel for Defendants has conferred with counsel for Plaintiffs regarding the relief sought herein. Plaintiffs oppose this motion and request the opportunity to respond.

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion for Leave to File Documents Under Seal Pursuant to Local Rule 26.2, and enter an order (i) granting leave to file Exhibit G to Defendants' MIL 5 Response; Exhibits 2, 8, 11, 12, 14, and 17 to Defendants' MIL 1 Response; and Exhibits A, B, and C to Defendants' MIL 7 under seal in its entirety, and (ii) granting leave to file the MIL 5 Response and Exhibits D and E thereto, as well as MIL 1 Response and Exhibits 1, 5, 9, 10, 13, 15, and 16 thereto in redacted form on the public docket, with unredacted versions filed under seal.

DATED: September 2, 2026

PROSKAUER ROSE LLP

By: */s/ Nigel F. Telman*

Nigel F. Telman
Edward C. Young
Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

Keisha-Ann G. Gray (*pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Phone: 212-969-3855
Fax: 212-969-2900
kgray@proskauer.com

Bart H. Williams (*pro hac vice*)
Proskauer Rose LLP
2029 Century Park East
Los Angeles, CA 90067
Phone: 310-284-4520
bwilliams@proskauer.com

Atoyia S. Harris (*pro hac vice*)
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Phone: 504-310-2027
Fax: 504-310-2022
aharris@proskauer.com

*Attorneys for Defendants McDonald's USA, LLC, and Charles Strong*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2026, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

/s/ *Nigel F. Telman*
Nigel F. Telman