**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VICTORIA GUSTER-HINES and DOMINECA NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company and CHARLES STRONG,<br><br>Defendants. | Case No. 1:20-cv-00117<br><br>Honorable Mary M. Rowland<br><br>Magistrate Judge Laura K. McNally |

**DEFENDANTS' STATEMENT IN RESPONSE TO THE COURT'S ORDER DATED SEPTEMBER 16, 2026 (DKT. 901)**

This Court's September 16, 2026, Order barred Plaintiffs from presenting evidence on numerous allegations in their Complaint because they are irrelevant, "overly prejudicial[,] and will be confusing to the jury." (Dkt. 901 at 6-7.) Plaintiffs now seek to circumvent that ruling by characterizing each allegation in their 109-page, 319 paragraph Complaint—no matter how speculative, irrelevant, or prejudicial—as essential evidence for Ms. Neal's retaliation claim.

Binding Seventh Circuit precedent forecloses the premise that every allegation underlying protected activity is necessarily admissible. In *Williams v. DeJoy*, the Seventh Circuit affirmed a ruling that permitted a retaliation plaintiff to introduce only the fact, timing, and resolution of his prior discrimination complaints while excluding their underlying substance under Rule 403. 88 F.4th 695, 704 (7th Cir. 2023). The same limitation is warranted here. Ms. Neal may establish that she filed a discrimination Complaint on January 7, 2020. But she may not use her retaliation claim as a vehicle to place before the jury allegations that this Court has already found irrelevant, confusing, and unduly prejudicial.

## I. Rule 403 Applies to Retaliation Claims

The Seventh Circuit has affirmed the exclusion under Rule 403 of the facts underlying a retaliation plaintiff's own prior discrimination complaints. In *Williams v. Brennan*, the plaintiff claimed that USPS terminated his employment in retaliation for his prior EEO activity. He therefore sought to introduce evidence concerning the discrimination and retaliation complaints he had filed during his employment. The district court agreed that those complaints were relevant to his retaliation claim, but drew a distinction between the protected activity itself and the allegations underlying it. The plaintiff could establish that he filed each complaint, when he filed it, and how it was resolved, but could not present the underlying facts, which "would confuse the jury and cause undue delay." No. 17-cv-8613, 2022 WL 1450407, at *3 (N.D. Ill. May 6, 2022). The

Seventh Circuit affirmed, explaining that introducing the substance of the prior complaints "would cause confusion and distract from that core issue." *Williams*, 88 F.4th at 704. The district court therefore acted "well within its discretion" in excluding the underlying facts. *Id.*

*Churney v. Village of Downers Grove* reached the same conclusion. There, the plaintiff alleged that the defendant retaliated against her for filing a sex-discrimination charge. 122 F. Supp. 2d 921, 922 (N.D. Ill. 2000). Because the defendant did not challenge whether the charge was filed in good faith, the court held that "the only relevant aspect of the 1994 charge of discrimination is the fact that it was filed. That is, therefore, the only evidence that should be admitted." *Id.* (citation omitted). The court accordingly permitted the jury to learn that the plaintiff filed the charge but excluded "the allegations contained in" it. *Id*.

These decisions make clear that characterizing a complaint as protected activity does not render every allegation within it admissible or exempt it from Rule 403. Although the substance of a complaint may have some relevance to alleged retaliatory motive, that relevance must still be weighed against the dangers of unfair prejudice, confusion, and undue delay. Here, allowing Ms. Neal to recount the allegations underlying her Complaint would invite collateral disputes over dismissed claims and other matters this Court has already excluded, transforming a focused retaliation trial into a series of mini-trials over allegations that are not before the jury. This, in turn, would require Defendants to address the substance of each of Ms. Neal's allegations, including by calling additional witnesses not presently on Defendants' witness list.

Nor can Plaintiffs cite any cases which stand for their proposition that Rule 403 considerations do not apply to evidence offered in support of their retaliation claims. Although Plaintiffs argued during the September 16th hearing that their position was supported by *Castro v.*

*DeVry*, 786 F.3d 559 (7th Cir. 2015), the *Castro* court did not address Rule 403, and thus the case offers no support to Plaintiffs.

Consistent with *Williams* and *Churney*, Ms. Neal should only be permitted to testify that she filed a Complaint on January 7, 2020 asserting claims of discrimination. That limitation allows Ms. Neal to establish protected activity—a point Defendants do not contest—and to argue temporal proximity to the Speights assessment. At the same time, it protects against the substantial Rule 403 dangers of parading before the jury allegations tied to dismissed claims and other irrelevant or prejudicial matters.

## II. Neal's Franchisee Advocacy is Not Protected Activity as a Matter of Law

Ms. Neal's claim that she must be permitted to testify about concerns she raised in the Complaint regarding McDonald's franchisees because those concerns *are* her protected activity—has already been foreclosed. This Court previously held that, because franchisees are not employees, Neal's advocacy on their behalf did not oppose an "unlawful employment practice" and therefore cannot constitute protected activity under Title VII or § 1981. (Dkt. 90 at 24-25); *see Nolan v. City of Chi.*, No. 15 CV 11645, 2017 WL 569154, at *3 (N.D. Ill. Feb. 13, 2017); *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008).[1] Neal offers no basis to revisit that ruling now.

## III. The Speights Report Is Highly Relevant and not Prejudicial

Finally, Plaintiffs' contention that the Complaint and Speights' report should be treated the same is a false equivalence. As noted above, the Complaint is relevant only to establish that Neal

[1] This Court also noted that "Plaintiffs also argue, creatively, that by complaining about policies that affected African American franchisees and customers they were in fact complaining about a hostile work environment, because those policies *created* that hostile work environment. This argument fails because while Plaintiffs complained about the treatment of franchisees and customers, they do not allege they complained about how the treatment of those franchisees and customers affected them. Because they did not allege that the policies created a hostile environment, they did not allege a protected activity." Dkt. 90 at n.11.

engaged in protected activity and when she did so—points that are not in dispute. Its substance, by contrast, risks injecting collateral issues that would confuse the jury and carry prejudice substantially outweighing any probative value. *See* Fed. R. Evid. 403.

Speights' report stands on fundamentally different footing. Defendants must be permitted to show that the decisionmakers honestly believed in the legitimate, non-retaliatory reason proffered for Neal's termination decision. *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 560 (7th Cir. 2007) (the focus of a pretext inquiry is whether the employer's stated reason is honest, not whether it is accurate or wise). Thus, it is important that the jury hear from Speights the basis for her conclusions as presented in her reports to McDonald's in order to assess whether her assessment was a "sham" as Plaintiffs are arguing. Excluding that testimony would strip Defendants of the very evidence on which their honest-belief defense depends, resulting in significant prejudice that no limiting instruction can cure. And as a consequence, it will deprive the jury of relevant information it would need to determine whether the assessment was merely a pretext. This goes to the heart of Ms. Neal's retaliation claim.

**WHEREFORE**, for the foregoing reasons Defendants respectfully request that the Court deny Plaintiffs' attempt to introduce evidence of the underlying allegations in their Complaint. Ms. Neal's trial testimony on protected activity should be limited to the fact that she filed a Complaint, the date of filing, and its resolution. Any broader presentation would be irrelevant, confusing, and unduly prejudicial under Rule 403.

Dated: September 17, 2026

Respectfully submitted,

*/s/ Nigel F. Telman*
Nigel F. Telman
Edward C. Young

Proskauer Rose LLP
70 W Madison, Suite 3800
Chicago, IL 60602-4342
Phone: 312-962-3548
Fax: 312-962-3551
ntelman@proskauer.com
eyoung@proskauer.com

Keisha-Ann G. Gray (*pro hac vice*)
Melanie M. Speight (*pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Phone: 212-969-3855
Fax: 212-969-2900
kgray@proskauer.com
mspeight@proskauer.com

Bart H. Williams (*pro hac vice*)
Kim Channick (*pro hac vice*)
Proskauer Rose LLP
2029 Century Park East
Los Angeles, CA 90067
Phone: 310-284-4520
bwilliams@proskauer.com
kchannick@proskauer.com

Atoyia S. Harris (*pro hac vice*)
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Phone: 504-310-2027
Fax: 504-310-2022
aharris@proskauer.com

*Attorneys for Defendants McDonald's USA, LLC, and Charles Strong*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2026, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to all counsel of record.

*/s/ Nigel F. Telman*
Nigel F. Telman